OVERTON, J.
 

 This is a suit to establish title, under Act No. 38 of 1908. The suit involves five and a half acres of land in the outskirts of the town of Slidell. This land has never been laid off into blocks, nor has any part of it been dedicated to the public for streets. There has been, so far, no demand for a subdivision there.
 

 Plaintiffs claim by purchase from John L. B. Nicholas, the purchase having been made in April, 1928; John L. B. Nicholas claimed the property by inheritance from his father, Alexander Nicholas, who died about the year
 
 *109
 
 1914; and Alexander Nicholas purchased it, in 1879, from Martin Guzman, who is the common author, in title, of all the parties to this suit. Defendants claim under a sale from A. E. Nelson to'O. R. Brugier, bearing date October 4, 1904, Nelson purchased from Alexander Nichols, who defendants claim was no one but Alexander Nicholas, by deed bearing date April 28, 1903, and Alexander Nicholas, as stated in giving plaintiff’s chain of title, acquired the property from the common author, Martin Guzman. Defendants claim also by the prescription of ten years. The intervener, the town of Slidell, claims title from the common author, Martin Guzman, by deed bearing date August 1, 1902.
 

 In Brugier’s title, the deed by Alexander Nichols or Nicholas to Nelson was objected to, when offered as evidence, on the ground that it showed alterations in the description of the property conveyed, and also an alteration in another part of the deed. The property, including the alleged alterations, is described in the deed, as follows:
 

 “Beginning at a post on the east bank of bayou Bonfouca or Yincent thence east eighteen (18) chains and forty links to a post thence south two (2) chains and eighty-two (82) links to a post, thence west 12.35 to a post thence south 23° degrees east 2.82 to post, thence south 63° west 2.00 to a pogt on the bank of bayou thence meandering along the bank of said bayou to post of departure, containing 5.36 acres of land, north part of lot No. one, section 9, T. 9, S. of R. 14 east Greensburg district. Bounded north by Mrs. Lizzie Nelson, East by the Slidell Company Ltd., south by present vendor, west by bayou Bonfouca.”
 

 The deed was written by L. E. Crow, the son of the justice of the peace before whom proof of its execution was made. The justice of the peace was dead at the time of the trial, as was also the remaining witness to the deed, and Nelson’s whereabouts was unknown. Crow gave no evidence as to how the alleged alterations came to be made, probably not remembering after the lapse of over a quarter of a century. However, there is so little basis for the objection that these facts are of little moment. The alleged alterations, so far as they relate to the description, appear in that part of the description, reading “thence west 12.35 to a post thence south 23° east 2.82 to post thence 63° west 2.00 to a post.” The numerals, appearing in this part of the description, appear from the face of the original deed, which is before us, to be written in blank spaces left for that purpose, in ink of a different shade from that used in writing the rest of the instrument, including the proof of its execution, though apparently the entire instrument is in the same handwriting. This seems so clear to us that we have no hesitancy in holding that there was no alteration of the deed, but that these spaces were left momentarily to be filled so soon as these numerals could be obtained from some document, or from some person, such as the surveyor. Had these spaces never been filled, the description would nevertheless be sufficient to convey title, for the description by metes and bounds, at the close of it, was ample for that purpose. The objection to the deed that it was altered by inserting the letter “c” before the letter “k” in “Niekols” is not tenable. The insertion occurs in the title of the deed, which, properly speaking, forms no part of the instrument.
 
 *111
 
 The name “Nickols” is written without any change whatever in it, wherever it occurs in the body of the deed, and the same is true in the signature in connection with which Nickols affixed his mark. ' The execution of the deed was proved by the attesting witness, Crow, while he was a witness on the stand. It was clearly admissible in evidence.
 

 The objection urged against the inscription in the conveyance records of the deed from Nelson to Brugier as being insufficient under article 2253 of the Civil Code, as the recordation of an unproved private act, to bind third persons, is not well founded. The deed is a notarial act. While it begins as a private act does, the usual notarial formula being omitted from that part of the deed, nevertheless the deed at its close recites that it is done and passed in the presence of the notary and two named witnesses, who are declared competent, and who sign the deed with the vendor and vendee and the notary, and the deed appears to be so signed.
 

 A deed passed before a notary public and two competent witnesses is a notarial act, although the declaration to that effect does not appear until the close of the deed. A notarial act, no one will question, makes full proof of itself. Therefore article 2253 of the Civil Code has no application.
 

 The most serious question presented is one relating to the recordation of the deed to Nelson in the name of Alexander Nickols, as vendor, whose true name was Alexander Nicholas. This deed we had under consideration, touching alleged alterations in it, a moment ago. The question is as to the sufficiency of the notice of the fact to third persons that Nicholas was selling a part of his property.
 

 The rule is that all contracts affecting immovable property must be recorded to affect third persons, and that third parties, dealing on the faith of the public records, are protected by the records. The name of the . vendor is important in furnishing notice, for, unless the name be given with such correctness as to convey readily to third persons examining the records, as to who is selling, and be sufficient to' identify him, such persons may be thrown off their guard greatly to their injury. On the other hand people are known by names that are not their true names, and sometimes use them with no improper motives. Nicholas was known in the community, not only by his correct name, but also as “Nickols.” The person who prepared the deed knew him as “Nickols,” and thought that this was his true name. His first name was correctly given. While “Nicholas” and “Nickols” are not idem sonans, yet as his first, or Christian, name was correctly given, and as “Nickols” and “Nicholas” are not unlike, we think, although the case is a border line one, that the name “Alexander Nickols” would suggest to any one examining the indices of the records, with ordinary care, to ascertain whether or not “Alexander Nicholas” had sold this particular property, that reference should be made to the deed itself, and, upon there finding that the particular property under investigation had been sold in the name of “Alexander Nickols,’’ would have no difficulty in concluding that the two were one and the same person, especially in view of the fact that this person was known in the community under both names. It will be observed that both “Nickols” and “Nicholas” would be indexed in the same place or on the same page of the index to the conveyance
 
 *113
 
 record. Upon the whole, we think that the difference in name is not fatal.
 

 The intervention of the town of Slidell, claiming the same property, cannot be sustained. The property is described in the deed to the town, as follows:
 

 “All that certain piece or parcel of land, lying and being situated in the corporate 'limits of the town of Slidell and being a part of section nine (9) S. R. E. of St. Helena Meridian this state and is bounded north by bayou Bonfouea, consisting of four acres and fifty-one hundredths of an acre.”
 

 This description is not only too vague to convey title, but none of the land in contest here is bounded north by Bayou Bonfouea, but-this bayou is west and south of the land.
 

 Defendants, we think, are entitled to judgment. Their title is older • than plaintiffs. Plaintiffs acquired from the son of Alexander Nicholas after his father had sold. Therefore Nicholas’ son did not inherit from his father, and was never the owner.
 

 The trial court rendered judgment sustaining defendants’ plea of prescription, of ten years, dismissed plaintiff’s demand, as well as the intervention of the town, and recognized defendants as the owners of the property. We have found it unnecessary to pass upon defendants’ plea of prescription, sustained by the trial court. However, as the judgment recognizes defendants as the owners of the property, it will be affirmed.
 

 The judgment is affirmed.