FRUGE, Judge.
This is a suit for a permanent injunction and declaratory judgment by Texaco, Inc., to enjoin defendant, H. O. Roy, from interfering with plaintiff’s construction and operation of a gasoline service station and to determine the rights of the parties in regard to a purported restrictive covenant granted to defendant by the parties’ com *740 mon ancestor in title. The trial court granted the injunction and held that the restrictive covenant did not apply to plaintiff. Defendant then appealed to this court.
On March 20, 1957, defendant, H. O. Roy, Inc., purchased a certain parcel of land from Breaux, et al., in the form of a cash sale. The deed transferring the property contained the following stipulation, which is the subject of controversy in this suit.
“In further consideration of the purchase price herein below recited, vendors and their heirs or assigns, do hereby and by these presents impose a covenant and restriction on all of the remainder of the property owned by them and having a frontage on Pinhook Road, Lafayette, Louisiana, that said property shall not be used for the operation of an oil and gas service station.”
Defendant’s vendor subsequently transferred other property fronting on Pinhook Road to a certain Wallace L. Schweisber-ger and his wife, Miriam Ostrich, who in turn conveyed the property to plaintiff. Neither the deed from Breaux, et al., to the Schweisbergers nor from the Schweisber-gers to Texaco contained any reference to the purported restrictions. Defendant contends that the trial court erred in holding that the covenant contained in its deed from Breaux, et al., was not a real obligation running with the land and in holding the description of the land in its deed was too vague and indefinite to affect third parties.
Defendant, H. 0. Roy, Inc., agrees that whether the restriction is classified as a continuous nonapparent servitude, a real obligation running with the land, or a covenant running with the land, to affect third parties it must be properly recorded and must comply with the requirements of the “public records doctrine” as enunciated in McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909). The only issue as to proper recordation is whether or not the description “* * * on all of the remainder of the property owned by them and having a frontage on Pinhood Road, Lafayette, Louisiana * * * ” is exact and definite enough to affect third parties.
The jurisprudence is replete with cases determining whether or not certain descriptions are sufficient to affect third parties. Descriptions ranging from “all other land in Caddo [and Bossier] Parish” [Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442, 445 (1936)] to “all that certain piece or parcel of land, lying and being situated in the corporate limits of the town of Slidell and being a part of section nine (9) S.R.E. of St. Helena Meridian this state and is bounded north by bayou Bonfouca, consisting of four acres and fifty-one hundredths of an acre” [Miller v. Brugier et al., 176 La. 106, 145 So. 282, 284 (1932)] have been held to be too vague and indefinite to affect third parties.
In the instant case, as in Miller, supra, only one boundary was given. To be sufficient, however, the description should "(1) * * * enable one to identify and locate the property sold or (2) a map, plat or prior deed should be included by reference in the description that fixes the boundaries if the writing itself does not set this out,” several cases cited. Cattle Farms Inc. v. Abercrombie et al., 211 So.2d 354, 359 (La.App. 4th Cir., 1968). The essential requirement reiterated by the courts “is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or deed as a part of the description, so that the same may be clear.” Hargrove v. Hodge et al., 9 La.App. 434, 121 So. 224, 225 (2d Cir., 1928); Daigle v. Calcasieu Nat. Bank in Lake Charles, 200 La. 1006, 9 So.2d 394 (1942).
The description in the instant case is not precise or exact enough to enable third parties to locate and identify the property in question. Therefore it fails to meet the essential requisites of the “public *741 records doctrine” set forth by our courts since McDuffie v. Walker, supra.
For the foregoing reasons the judgment of the trial court is affirmed at defendant-appellant’s cost.
Affirmed.