## No. 155.

### GREEN BROTHERS vs. BOYKIN WITHERSPOON.

| 37 | 751 |
| 45 | 810 |

| 37 | 751 |
| 48 | 346 |
| 48 | 589 |

| 37 | 751 |
| 51 | 673 |

| 37 | 751 |
| 123 | 691 |

A conveyance of lands without description of boundary or location, but merely as "all other lands owned by the vendor in the State of Louisiana," is inoperative as notice to the public of any particular tract conveyed, if not void for want of description.

Thirty years' prescription may be successfully invoked by a possessor in good faith of tracts of woodland forming parts of a plantation upon which he has lived continuously for that time, although he may not have felled a tree from those tracts or done any other acts of corporeal possession of that part of his plantation.

APPEAL from the Tenth District Court, Parish of De Soto.
Hall, J.

*Logan & Head* for Plaintiffs and Appellants :

1. "The party who pleads prescription is bound to prove the facts necessary to sustain the plea." 15 A. 332, and 31 A. 88.
2. "A party without title can avail himself of no prescription except that of thirty years." 12 M. 535.
3. "There must be actual corporeal possession precedent to civil possession as a basis of commencement for the ten or thirty years' prescription." 15 La. 580; Dodimon vs. Bonow, 11 A. 87; O. C C. 3467; R. C. C. 3503; Gay vs. Ellis, top of 252.
4. "It has been held the digging of a canal or felling trees, or the occasional cutting of wood on uncultivated land, does not constitute such a possession or can be the basis of the prescription of ten or thirty years." Kittridge vs. Hebert. 9 A. 156; McCarty vs. Fouche, 12 M. 115 A. 594.
5. " To acquire immovables under the ten years' prescription there must be a title which is legal and sufficient to transfer the property." 9 A. 282; C. C. 3479.
6. "It is necessary besides that the title be valid in point of form; for if the possession commenced by a title void in that respect it cannot serve as a foundation for prescription " C. C. 3486; 3 R. 220; 15 La. 106 and 226; 7 N. E. 508.
7. "Possession must be held in fact and in right as owner, and must have commenced by actual corporeal possession " Kittridge vs. Hebert, 9 A. 154; C. C. 34, 87.

8.   "It is sufficient if he enters on and occupies a part of *the land*, provided it be with the intention of possessing all that is included within the boundaries." This does not mean that a party who claims disconnected bodies of land can prescribe for all of these disconnected bodies by occupying one of the parcels. 11 A. 472.

9.   "Actual possession of *a part of a tract of* land, with title to the whole, is possession of the whole, but the party  *  *  *" 1 R. 159.

10.  "Prescription will run in favor of a purchaser of land who has exercised *no act* of *possession only* from the *date* of his *recording* of his title on the parish in which the land is situated." Tear et al. vs. Williams et al., 2 A. 868 ; 3 R. 220.

11.  "Not only good faith and possession of real estate for ten years is required, but also a legal transferable title of ownership is required in order to acquire said property by prescription." Pendegrast vs Schmidt, 3 A. 590.

12.  "Possession under an act of sale not recorded is not sufficient notice to creditors and subsequent purchasers to defeat the effect of the registry laws." Moore vs. Jourdan, 14 A. 414.

*C. M. Pegues* for Defendant and Appellee :

Where the party in possession holds under a private act, it is not necessary that the act should be recorded to show the extent of the possession under it. The possession alone is sufficient to put the adverse party upon inquiry as to its extent, and actual possession of a portion is sufficient. 9 A. 199 ; 19 L. 489 ; C. C. 3501, 3437 ; 11 A. 471 ; 7 N. S. 122.

The sale of all real estate a person owns in the State, without any description of property, is void as to third persons for that reason. 10 A. 613 ; Pargoud vs. Pace.

The registry laws are intended for the protection of bona fide subsequent purchasers of the vendor, and do not apply to persons purchasing from an heir or legatee of the vendor who was never in possession of or claimed the land. 10 A. 575 ; Buie vs. Doyal.

A government title need not be recorded. 2 A. 869 ; 2 R. 40.

A ratification of the acts of an agent in making a purchase stands in the place of an original mandate in due form. C. C. 3010 ; 10 A. 575.

The admissions of an agent in writing are as binding as answers to interrogatories or facts and articles would be. 12 A. 753 ; 4 A. 39 ; 7 A. 31.

Certificate of entry may be transferred, and such transfer is binding upon the heirs and assigns of the transferrer, whether registered or not. C. C. 2442 ; 4 A. 268 ; 9 A. 137 ; 12 A. 124 ; 4 R. 79.

The opinion of the Court was delivered by

MANNING, J.   The plaintiffs sue for the recovery of four hundred acres of land in De Soto parish contained in four several parcels and situated within the boundaries of a large plantation of the defendant. They claim title from Edward A. Edwards, who derived his title from the will of Charles A. Edwards as his universal legatee. The defendant claims from the United States Government through an entry made for him by the same Charles A. Edwards.

The defendant immigrated from South Carolina to De Soto parish in December 1854 at the invitation of his friend Charles Edwards who owned a large quantity of land there and in neighbouring parishes. He immediately bought of Edwards 1560 acres and began building a dwelling, cabins, crib, etc. There were interspersed in the midst of

this tract the four several parcels now in controversy that had not been entered, and the defendant at once availed himself of the opportunity to ensure their ownership.

In the following month (January 1855) he handed five hundred dollars to Edwards, who was going to the land-office at Natchitoches, to enter these parcels for him and Edwards did it, but the entries were made in his (Edwards) name.   Immediately on his return home Edwards delivered the certificates to Witherspoon having endorsed upon each of them—"This land was entered by me for, Boykin Witherspoon and paid for by him," and signed each endorsement.

The defendant has remained in possession of this plantation from that time until now.   His cabins were built upon one of these parcels of land in dispute.   He had as much corporeal possession of the three other tracts as any planter has of the outlying woodland that is a part of his plantation.   The two Edwards were his neighbors and never pretended to any ownership of these lands, nor did he hear of any adverse claimant until shortly before July 20, 1885, when this suit was instituted.   The prescription of thirty years was pleaded.

The plaintiffs' title is claimed in this way:   Charles Edwards died in 1865 and bequeathed all his property to his nephew Edward except two legacies.   In 1870 the nephew sold the plaintiffs the numerous tracts of land his uncle had from time to time entered or otherwise acquired, describing them by the land-office designations as quarter-sections, half-sections, sections, etc. in the proper townships.   These are set out with all that minute particularity and careful attention to figures and the parts of the sections to be conveyed that such description required, but no where in the long list of lands thus described in that deed does either of the four parcels of land now in controversy appear.   If Edward Edwards intended to convey them his omission to say so when all other tracts are specifically described is surprising, but after the specific description there is added—"also all other lands, tenements and real estate of every description not heretofore particularly described of him the said Edward A. Edwards, owned by or belonging to him or to which he is legally entitled in the State of Louisiana."

The plaintiffs claim under that clause.   They say that Charles Edwards entered these parcels in his own name, and his endorsement upon the certificates that he entered them for Witherspoon and with Witherspoon's money is not receivable in evidence, and they are therefore entitled to recover the lands.   No patents were ever issued to any

one. Nothing was ever issued but these certificates and Witherspoon had kept them in his desk until June 27, 1885, and only then had them recorded because the demands preliminary to this suit were then made.

The plaintiffs invoke our registry laws and the codal peremptory requirement that all sales and contracts affecting lands must be recorded on pain of nullity except between the parties. Rev. Civ. Code, art. 2266. There is no pretence that Witherspoon had recorded his certificates until the date above stated, but the plaintiffs are in no better condition and they cannot recover on the weakness of their adversary's title but alone on the strength of their own.

The object of registry is notice. The plaintiffs' deed made and recorded in 1870 contained no mention of the lands in controversy. No one could derive knowledge from it that the lands had been conveyed. No one could be apprised by it that these lands formed any part of the subject matter of that contract of sale. As to these lands it was inoperative so far as notice is concerned if not wholly void for want of description. Pargoud v. Pace, 10 Ann. 613.

The defendant's plea of prescription must be maintained. It is conceded that he has actually possessed for thirty years the parcel of forty acres upon which he built his cabins, etc. and the claim to that is abandoned. The single difference between his possession of that and the other three parcels is that he built cabins upon that, while he cut rails from another and is not sure that he felled any trees upon the other two. But none of them were detached from his plantation. One appears by the map to be the border of it, but all were incorporated and had been incorporated for thirty years in the plantation upon which he had uninterruptedly lived, which had been assessed as his property every year and upon which he had regularly paid the taxes. Such continuous undisturbed possession gives him title. Giddens v. Mobley, 37 Ann. 417.

The judgment below was for the defendant. It is approved in law and equity and justice commend it.

Judgment affirmed.