No. 3281

Second Circuit

___

HARGROVE v. HODGE ET AL.

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)
(January 28, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

___

Melvin F. Johnson, of Shreveport, attorney for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellant.

ODOM, J. This is a petitory action involving the title to Lot 19, Block B, of ten-acre Lot 35, City of Shreveport, Caddo Parish, Louisiana. Plaintiff and defendant trace their title to a common author, Burrel Porter, whose title traces back to the Government through an unbroken chain. At Porter's death, he left six heirs who provoked a sale of the property to effect a partition on January 15, 1927, at which sale Marion K. Smith became the purchaser. Smith, in turn, sold the property to Howard H. Hargrove, the plaintiff. Hargrove brings this suit, setting up his title, and alleges that the defendant, Hodge, is in actual possession of a portion of said lot, without title, and is a trespasser.

Defendant admits in answer, that he is in possession of at least a portion of said lot, and sets up title in himself, alleging that he acquired the same from Burrel Porter by deed on October 26, 1901.

There was judgment in the lower court in favor of plaintiff, recognizing his title to the property, and ordering defendant to surrender possession of the same. Defendant has appealed.

OPINION

The plaintiff has an unbroken chain of title to said property which traces back to the United States through Burrel Porter. But Porter sold to defendant, or rather to his wife who was made a party to the suit, the following described property, on October 26, 1901, to-wit:

"One Hundred feet off of the West end of the triangular lot No. Nineteen (19) Block B of Ten (10) acre lot No. Thirty-five (35) bought of Mrs. Willie W. Hargrove on November 15, 1897."

The question to be determined in this suit is whether the description contained in the deed from Porter to defendant, as above quoted, is sufficient to convey title to all, or any portion, of "lot Nineteen (19) of Block B. of the Ten (10) acre lot No. Thirty-five (35) of the City of Shreveport, Caddo Parish, Louisiana," and to convey notice to third purchasers.

By reference to a copy of the original "plan of subdivision of Ten Ace Lot 35," filed and recorded on June 10, 1869, in Book Q, page 571, of the records of Caddo Parish, we note that Lot 19 thereof is triangular in shape, with its base or west side running along the east edge ,of Western Avenue, which runs due north and south. The triangle has a base, according to scale, of approximately 135 feet, with an altitude of about 70 feet. This, as stated, is according to the official plat which is recorded. The deed, under which defendant claims, calls for "one hundred feet off the West end of triangular lot Nineteen (19) Block B, of Ten Ace lot Thirty-five (35)."

We think this description is insufficient to identify any portion of the lot, which is claimed by plaintiff, and too indefinite to put third persons on notice.

The lot has no west end, but has a west side, and counsel for defendant contends that the word "end" in the deed should be omitted as surplusage and, if that is done, the deed would call for one hundred feet off the west of said lot; or, that the word "side" should be substituted for the word "end" so that the deed would call for one hundred feet off the west side of the lot. But this is not a suit to reform a deed, or to correct errors in description. The plaintiff bought the property on the faith of the public records, and the defendant's deed must be, as to plaintiff, construed as it is found therein. But, even if counsel's contention in this respect be well founded, there is the further objection that Burrell Porter could not sell and the defendant could not acquire one hundred feet off the west side of the said lot, because the lot has an altitude of less than one hundred feet. Counsel says, that in order to locate the property intended to be sold, a line should be run perpendicular to the base east, through the apex of the triangle, to a point one hundred feet from the base; then run a north and south line through said point, parallel with the base, the full length thereof, and construe the deed as calling for all of said triangular lot west of said line. But, as stated, the triangle has an altitude of only about 70 feet, so that to run a line east, perpendicular to the base through the apex to a point 100 feet east of the base, would throw the point thirty feet above the apex, and entirely beyond the boundaries of the lot. According to counsel's own theory, therefore, the description is unintelligible.

Counsel brought into this Court, attached to a special bill of exceptions, a plat of said Lot 19, which was ruled out, and correctly so, by the District Judge, as not being identified or certified as correct. According to this map, said triangular lot No. 19 has an altitude of 107 feet. Counsel says that the deed should be interpreted so as to give defendant all that part of said lot west of the north and south line drawn through the lot one hundred feet from its base. If it be conceded that the measurements shown on the plat, which counsel would have us consider, are correct, and conceded further, that the calls of the deed should be construed as counsel would have us do, it will be seen that the vendor divested himself of all Lot 19, except a small triangle at the east end of the lot with an altitude of only seven feet, which would be worthless, unless it lay adjacent to other property owned by the vendor, and it is not shown, nor even suggested, that he owned any other property there, and, by reference to the official plat, we note that the apex of triangular Lot No. 19 is a point on the edge of an alley. It is hardly probable that Porter intended to sell all his prop-

erty, except such a small triangular portion thereof.

Counsel says, that inasmuch as there is no west end to this triangular lot, we should hold that it was intended to sell one hundred feet off the west side thereof; but, if we are to indulge in speculation as to what the vendor intended to sell and the vendee intended to buy, we might as reasonably suppose that the parties became mixed on directions, and that it was intended to convey one hundred feet off the north end or the south end of said property, in which event, the vendor would have retained a small triangular lot, with a base of thirty-five feet, fronting on Western Avenue, which would probably be of small value. But this is indulging in speculation, which is not permissible in the interpretation of deeds to real property.

The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat or deed as a part of the description, so that the same may be clear.

The purpose of registry is that third persons may have notice of the transfer, and, if the description in the deed is so vague, indefinite and uncertain that the property cannot be located and identified, the sale is void as to third persons who deal upon the faith of the public records. The deed, under which defendant claims, is too vague and indefinite—it really describes nothing.

We attach great importance to the testimony of Mr. Charles D. Evans, civil engineer for the city of Shreveport, who has practiced his profession for about twenty-seven years. He was handed the deed and plat, and was asked if he could locate or survey the property described, and he stated that he could not. He said:

"There is no way to define the lines."

"I could not survey it, no."

And

"As a matter of fact, the description does not mean anything to me."

He gives as his reasons mainly that the lot has no west end, and that "it lacks about thirty feet of being one hundred feet east and west."

Defendant's deed calls for "One Hundred feet off triangular lot No. Nineteen (19), Block B of Ten acre lot No. Thirty-five (35)." It does not recite that ten-acre Lot No. 35 is situated in the city of Shreveport, Caddo Parish, or in the State of Louisiana. No map or plat is referred to nor does it refer to any deed of record for description. It does contain this clause: "bought of Mrs. Willie W. Hargrove on November 15, 1897," but does not recite that the deed, if there was any, was recorded. The rule "that is considered certain which can be made certain" has no application. Nothing is referred to by which the property can be located or by which the description can be made certain. The deed of Mrs. Hargrove to Burrell Porter was not offered in evidence. It may or may not describe the property as being in the City of Shreveport, Caddo Parish, Louisiana. Counsel for defendant says in argument and in brief that the location of the property in controversy is established by plaintiff's allegations. Plaintiff alleged that the property in controversy is in the city of Shreveport. But the question is not whether the property is in Shreveport, Caddo Parish, Louisiana,

but whether defendant's deed shows that it is.

In the case of Weber's Heirs vs. Martinez, 125 La. 663, 51 So. 679, cited by counsel, the Court held that a sale of property for taxes under the following description was good:

"Certain lots of ground and improvements in the Third District of New Orleans, in Square No. 1179, bounded by New Orleans, Liberal, St. Bernard and Force Streets, said lots fronting on New Orleans Street, which said property was duly and legally assessed for the taxes of 1883—in the name of Anton Weber."

The Court said that there could be no difficulty in finding the Third District of New Orleans, or finding the square, municipal number and the street boundaries which were given, or in finding certain lots which were assessed in 1883 to Weber.

In another case cited by counsel, In re Perrault Estate, 128 La. 453, 54 So. 939, the Court upheld a tax sale under the following description:

"Heirs of C. L. and J. L. Williams, 960 acres, swamp land in Township 6, Range 5 East, Parish of St. Landry."

It will be noted that the sections in which the land was located are not given, but the township and range are given, and it is stated that the land is in St. Landry Parish. The Court considered that a sale under this description would have been null and void if the tax debtor had owned any other land in that township, but this 960-acre tract was all that he owned.

In the first cited case, the city, the district of the city, the streets bounding the lots and the street on which the lots fronted and the assessment rolls were referred to. In the second case, the parish, number of acres and the township and range were given, and it appeared that the tax debtor owned no other land in the township.

In the case at bar, an indefinite, we may say, impossible, description is given of a lot in ten-acre survey, not described as being located in any city, town, subdivision or parish, and not bounded by any street nor located by any reference to map, plat or deed.

In the case of Castera's Heirs vs. New Orleans Land Company, 125 La. 881, 51 So. 1021, it was held that the deed must contain a description sufficiently correct to enable an average surveyor, in point of ability, to identify the property.

In the case of Wilfert vs. Duson et al., 131 La. 21, 58 So. 1019, it was held that a: "vague, uncertain and indefinite description in a title deed will not be notice to a purchaser in good faith."

In the last cited case, a surveyor was asked if he could locate the land in controversy from the description in the deed, and he stated he could not. Surveyor Evans gave like testimony in the case at bar.

Counsel argue, and support their argument by ample authority, that an error in description by legal subdivisions may be cured by other descriptive designations of the property in the deed of conveyance, which leaves no doubt of the particular tract which was intended to be conveyed. We do not hold against that rule so well established for interpreting the description in deeds, but hold that there is nothing in defendant's deed to make the description certain.

Counsel cites the case of Flegal vs. Dowling, 54 R. 40, 102 Pac. 178, 135 Am.

St. Rep. 812, 19 Am. Cas. 1159, where the Court held that the following description was good:

"Lots 3 and 4, Block 18 A. H."
because the description could be made certain by extrinsic evidence, even parol. But that was a suit to enforce specific performance of a contract to sell and was between the original parties. To the same effect is the case of Bogard vs. Barhan, 52 R. 121, 96 Pac. 673, 132 Am. St. Rep. 716, where like issues were presented.

We find no error in the judgment appealed from, and it is accordingly affirmed, with costs in both courts.