**(132 So. 125)**

**SIMAR v. LEDOUX.**

No. 30727.

Dec. 1, 1930.

On Application for Rehearing Jan. 5, 1931.

Merrick Schwarz, Guste, Barnett & Redmann, of New Orleans (Holger G. Kohnke, of New Orleans, of counsel), for appellant.

Chappuis & Chappuis, of Crowley, for appellee.

BRUNOT, J.

On January 6, 1920, the plaintiff sold to the defendant the following described property:

"That certain tract of land situated in the Parish of Acadia, State of Louisiana, containing sixty acres, and lying in the North half of the northwest quarter of Section Nineteen, Township Eight, South of Range One West, Louisiana Meridian." Trans. p. 27.

The foregoing description is indefinite. It places the property conveyed somewhere in the north half of the northwest quarter of the given section, township, and range. The sale was made and accepted for the price of $9,900, of which sum $3,005 was paid in cash, and for the credit portion of the purchase

price the vendee executed his seven promissory notes, each for the sum of $985, with interest and attorneys' fees, and payable, respectively, in one, two, three, four, five, six, and seven years after date. There are no unusual clauses in the act, but there is a discrepancy between the recitals of the mortgage and the notes, as to the date from which interest is to be computed.

On March 15, 1922, Arthur Ledoux, the then owner, mortgaged certain property to the Bank of Iota and Armas Ledoux, for $4,500 Two notes were executed in connection with this mortgage, one for $3,500 and one for $1,000. The note for $3,500 was delivered to the Bank of Iota, and, at a time not fixed in the record, this note, by rediscount, was acquired by the Federal Reserve Bank of Atlanta. The property mortgaged to secure the payment of said two notes is definitely described in the act of mortgage, by governmental subdivisions, as follows:

"That certain tract of land together with all improvements thereon, situated in the parish of Acadia, State of Louisiana, and containing one hundred and forty (140) acres, and described as being East half of Northwest quarter and Southeast quarter of Northwest quarter of Section Nineteen, Township Eight South Range One West, Louisiana Meridian." Trans. p. 105.

On December 23, 1922, the defendant retroceded to the plaintiff the property he acquired from the plaintiff on January 6, 1920. The consideration, for this transfer of title, was the surrender and cancellation of the seven notes representing the credit portion of the purchase price of the property defendant acquired from the plaintiff by that sale. These notes were surrendered and canceled, and the mortgage securing their payment was canceled on the records of Acadia parish.

On November 22, 1926, an act was passed annulling the act of December 23, 1922, which plaintiff styles a retrocession, and reinstating the act of January 6, 1920, by which the defendant acquired the property. New notes, of the same tenor, amount, and date, were substituted for the original notes, which had been canceled. Five days after the passage of this act, plaintiff filed proceedings, via xecutiva, attaching to his petition the original act of sale, the act of rescission, and the said substituted notes. All of the requirements of law were complied with by the clerk and sheriff, and the property was sold to the plaintiff for $2,001, a sum $1.00 in excess of two-thirds of the appraised value of the property, but the sheriff refused to complete the adjudication of the land to the plaintiff free from the inscription of other mortgages upon the property, including the mortgage to the Bank of Iota and Armas Ledoux. The plaintiff ruled the sheriff of Acadia Parish, the Federal Reserve Bank of Atlanta, and Armas Ledoux, into court, to show cause why the relief prayed for in the rule should not be granted. Armas Ledoux made no defense, but the Federal Reserve Bank filed an exception of no cause of action and three pleas, viz., estoppel, want of proper parties, and nullity of the foreclosure proceedings, and, reserving the benefit of its exception and special pleas, joined issue upon every allegation made by the plaintiff in rule.

At a later stage of the proceeding, the Federal Reserve Bank pleaded the prescription of five years as a bar to one of the notes foreclosed upon. The rule was tried, and the Federal Reserve Bank appealed from a judgment decreeing the mortgage to the Bank of

Iota and Armas Ledoux inferior in rank to the plaintiff's mortgage and vendor's lien, ordering the sheriff to complete the adjudication of the property to the plaintiff for the amount of his bid; and, taxing the Federal Reserve Bank of Atlanta and Armas Ledoux with the cost of the proceedings under the rule.

■■ As we have noted supra, the act of sale from the plaintiff to the defendant, dated January 6, 1920, does not describe the land it was intended to convey sufficiently definitely to serve as a warning to third persons. It is described merely as sixty acres of land in the north half of a certain northwest quarter section. No part of the land, described in the mortgage to the Bank of Iota and Armas Ledoux, is in the north half of that quarter section. Hence, the rights of the mortgagees, the Bank of Iota and Armas Ledoux, must be held to have been acquired in good faith and upon the faith of the public records. Rights so acquired cannot, thereafter, be affected by any subsequent transfer of the property by the mortgagor. It is true that, when Arthur Ledoux receded the sixty acres of land to the plaintiff, he definitely described it in that act. It is also definitely described in the subsequent act of rescission. Under these descriptions, a part of said sixty acres of land is affected by the mortgage to the Bank of Iota and Armas Ledoux, but it must be remembered that the rights of the Bank of Iota and Armas Ledoux had become fixed long before the passage of either of these acts.

The respondent in rule avers that it is the holder and owner, in due course, for valid consideration, before maturity, of the note for $3,500, which, the record shows, it acquired by rediscount from the Bank of Iota, the then holder and owner.

These conclusions dispose of the case and obviate the necessity for considering any of the pleas urged by respondent in rule.

For these reasons, it is decreed that the judgment appealed from be, and it is hereby, avoided and reversed, and that the rule herein, upon Louis Fontenot, sheriff of the Parish of Acadia, Federal Reserve Bank of Atlanta, and Armas Ledoux, to show cause why the relief prayed for therein should not be granted, be, and it is hereby, dismissed, with costs of the appeal to be paid by appellee.

O'NIELL, C. J., concurs in the decree on the ground that the annulling of the retrocession did not prejudice the Federal Reserve Bank's mortgage.

ST. PAUL, J., dissents.

On Application for Rehearing.

PER CURIAM.

In the opinion handed down herein we erroneously stated that no part of the land described in the mortgage to the Bank of Iota and Armas Ledoux is in the N. ½ of the N. W. ¼ of Sec. 19, Tp. 8, S., R. 1 W.

The error is patent, for the description in the act of mortgage shows that a fractional part of the land there mortgaged is in the north half of the northwest quarter of said section, township, and range.

This error, however, does not affect the decree, because the decree is based upon our finding that the deed from plaintiff to defendant does not describe the sixty acres of land the deed purports to convey with sufficient certainty to enable a surveyor to fix any of its boundaries; hence the deed was not no-

tice to innocent third persons acting upon the faith of the public record.

Rehearing refused.