9 So.2d 394

### DAIGLE v. CALCASIEU NAT. BANK IN LAKE CHARLES.

No. 36201.

June 29, 1942.

Charles C. Jaubert, of Lake Charles, for appellant.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellee.

O'NEILL, Chief Justice.

This is a petitory action, in which the plaintiff, Zepherin Daigle, is claiming a half interest in a tract of land described as SW¼ and SE¼ of NW¼ of Section 11, in T. 9 S., R. 6 W., in Jefferson Davis Parish. The land has an area of 202.18 acres, according to the government survey, and is in that part of the parish that was taken from Calcasieu Parish in the creation of Jefferson Davis Parish, by Act 7 of 1912.

The plaintiff, Daigle, holds a warranty deed from David Miller, dated April 28, 1899, and recorded in the recorder's office in Calcasieu Parish on May 1, 1899, in which deed Miller undertook to sell to Daigle a half interest in all of the property that Miller then owned in Calcasieu Parish and St. Landry Parish, under the following description:

"All vendor's undivided one-half (1/2) of the whole interest in all the property that he now possesses in his name at the present date in Calcasieu Parish and St. Landry Parish, both real estate and personal property, consisting of lands and improvements &c."

At the time when Miller made the sale to Daigle, Miller owned the 202.18 acres, of which Daigle is claiming a half interest in this suit. Miller had bought the land from Oscar Fulton by a warranty deed dated July 7, 1898, which was on record in the office of the recorder of the Parish of Calcasieu at the time when Miller made the sale to Daigle.

In the execution of a judgment against Miller, recorded sometime between May 1, 1899, and October 31, 1901, this tract of 202.18 acres described as SW¼ and SE¼ of NW¼ of Section 11, in T. 9 S., R. 6 W., was seized under a writ of fi. fa. and sold by the sheriff, a part to Edward J. Sullivan and a part to Pierre Theaux. One of the sales by the sheriff was recorded on June 24, 1901, and the other on August 21, 1901, in the recorder's office of Calcasieu Parish.

The defendant, Calcasieu National Bank in Lake Charles, in liquidation, holds title by mesne conveyances from Edward J. Sullivan and Pierre Theaux.

On August 1, 1900, Miller undertook to consummate his sale to Daigle by giving the latter a warranty deed describing specifically the half interest in the SW¼ and SE¼ of NW¼ of Section 11 in T. 9 S., R. 6 W. But this deed from Miller to Daigle was not filed for record in the recorder's office of Calcasieu Parish until October 31, 1901; which was subsequent to the recording of the sheriff's deeds to Edward J. Sullivan and Pierre Theaux, respectively.

Inasmuch as the deed from David Miller to Zepherin Daigle, dated August 1, 1900,

describing specifically the land in contest, was not recorded at the time when the defendant's authors in title, Edward J. Sullivan and Pierre Theaux, acquired title by the sheriff's deeds, the question in the case is whether the indefinite description in the original deed from David Miller to Zepherin Daigle, dated April 28, 1899, was sufficient to put third parties on notice and to prevent Edward J. Sullivan and Pierre Theaux from acquiring a valid title from David Miller for the 202.18 acres described and SW¼ and SE¼ of NW¼ of Section 11, T. 9 S., R. 6 W. The judge of the district court decided that the description was not sufficient, and therefore rejected the plaintiff's demand. He is appealing from the decision.

Articles 3306 and 3307 of the Civil Code require, as one of the essentials for the validity of a conventional mortgage, that the land mortgaged shall be described "precisely" in the act of mortgage. These articles in terms refer only to conventional mortgages, not to sales. But in article 2259 it is required that in registering an act of sale of real estate in the Parish of Orleans it is sufficient to record a certificate of the notary public, containing, among other specified details, "a description of the immovable property which has been transferred, with all necessary details." Obviously, the purpose of the description "with all necessary details" is to put third parties on notice of the description of the property transferred. The reason why this article does not refer to notaries public in the other parishes is that article 2251 makes it their duty to deposit the original acts of sale in the office

of the recorder of the parish in which the land conveyed is situated.

As long ago as in 1872, in the case of Consolidated Association of Planters of Louisiana v. Mason, 24 La.Ann. 518, this court recognized the impossibility of adopting a standard for distinguishing a description which would be sufficient from one which would not be sufficient, in an act of sale of real estate, to put third parties on notice,— thus:

"We are not prepared to fix the line between a valid and invalid or sufficient and insufficient description, which shall serve as a guide in all future cases. Each case must depend on its own circumstances."

It seems to be settled now by the jurisprudence in Louisiana that such a vague and indefinite description, in an instrument purporting to convey title to real estate, as all of the land owned by the seller in a named parish, is not sufficiently specific to give notice to third parties thereafter dealing with the seller.

In Pargoud v. Pace, 10 La.Ann. 613, in 1855, it was held:

"A sale by one of the partners of all her interest in a partnership theretofore existing between them, including stock in trade, merchandize of every kind, credits in Ouachita parish, and in New Orleans and elsewhere, real estate, slaves, cash, &c., is, as to the real estate, void as to third persons, for want of a description of the thing sold. Nor can such a description be eked out by parol evidence."

In the case of Green Brothers v. Witherspoon, 37 La.Ann. 751, it was held that, in a

sale by one Edward Edwards, of several tracts of land described according to government subdivisions, and embracing 1,560 acres, the additional clause, "also all other lands, tenements and real estate of every description not heretofore particularly described of him the said Edward A. Edwards, owned by or belonging to him or to which he is legally entitled in the State of Louisiana", did not put third parties on notice, or prevent a third person from acquiring from Edwards a valid title to four separate tracts of land "interspersed in the midst of this tract" of 1,560 acres, but not described in the deed for the 1,560 acres.

In the case of Ideal Savings & Homestead Ass'n v. Gould et al., 163 La. 442, 112 So. 40, 42, Edgar G. Gould gave a conventional mortgage for a large sum of money to secure a debt which he owed to the Savings & Homestead Association, the exact amount of which debt was not determined. The description of the property mortgaged was followed by the phrase "all other real estate belonging to the said Edgar G. Gould and situated in the parish of Orleans, state of Louisiana." Thereafter, Gould transferred the mortgaged property to the Savings & Homestead Association for a stated cash consideration, leaving a large balance still due on the debt secured by the mortgage. It appears that Gould intended to include in the mortgage, and also in the transfer of the mortgaged property to the Savings & Homestead Association, certain property owned by him and described as No. 472 Lowerline Street, in New Orleans; but in fact that property was not described either in the mortgage or in the sale to the

Savings & Homestead Association. At the same time when Gould made the sale to the Savings & Homestead Association he leased from the association the premises No. 472 Lowerline Street. About eight months afterwards, Gould made a sale of the premises 472 Lowerline Street to Samuel V. Edmiston for a stated consideration of $9,500, declaring that $500 of the price was paid in cash and for the remaining $9,000 Edmiston gave three mortgage notes for $3,000 each. On the same day on which the act was passed Edmiston leased the premises 472 Lowerline Street to Gould. Thereafter, the Savings & Homestead Association brought suit against Gould and Edmiston to declare the pretended transfer by Gould to Edmiston a simulation made for the purpose of defrauding the Savings & Homestead Association; and in the same suit the association prayed to have the transfer from Gould to the association reformed so as to include the property 472 Lowerline Street. The court found that the pretended sale by Gould to Edmiston was a simulation, and hence that the sale which Gould had made to the Savings & Homestead Association might be reformed without affecting any rights of Edmiston. Accordingly, the court reformed the sale from Gould to the Savings & Homestead Association by including in it the premises 472 Lowerline Street. But, in deciding the case, the court held that the indefinite phrase, "all other real estate belonging to the said Edgar G. Gould and situated in the parish of Orleans, state of Louisiana", in the act of mortgage by Gould to the association, was too general and indefinite to identify or include the premises 472 Lowerline Street, but was sufficient to establish the allegation in the plaintiff's petition that Gould had intended to turn over all of his property in New Orleans, in settlement of his indebtedness to the Savings & Homestead Association. It was said in the opinion that the general and indefinite clause would not have been sufficient to protect the Savings & Homestead Association against the title which Edmiston would have acquired from Gould if in fact the sale from Gould to Edmiston of the premises 472 Lowerline Street had been a bona fide sale, and not a mere simulation. In so deciding the court said:

"As there was no valuable consideration and real transfer of title from Gould to Edmiston, and as in our opinion no rights of any innocent third person as purchaser have intervened, we find no valid objection to reforming the act of sale from Gould to plaintiff association, so as to include the Lowerline street property, as such was the evident intention of the parties * * *.

"It must be observed, however, that in correcting this deed, the rights of any bona fide holder, or holders of any mortgage note, or notes, or other incumbrance on this property, must be protected and reserved."

In Hargrove v. Hodge et al., 9 La. App. 434, 121 So. 224, 225, decided by the Court of Appeal for the Second Circuit, in which case a writ of review was refused by this court on the ground that the judgment was correct, it was held that a deed purporting to convey "one hundred feet off the West end" of a triangular lot, which lot itself was correctly described, was insufficient to identify any portion of the lot, and

too indefinite to put on notice third persons relying on the record. In the course of the opinion it was said:

"The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or deed as a part of the description, so that the same may be clear."

In the case of Simar v. Ledoux, 171 La. 729, 132 So. 125, 126, it was held that a sale of 60 acres of land situated in the north half of the northwest quarter of a given section, in a given township and range, was too indefinite "to serve as a warning to third persons."

In the case of George v. Manhattan Land & Fruit Co., 51 F.2d 28, 31, the Circuit Court of Appeals for the Fifth Circuit, affirming a judgment of the United States District Court for the Eastern District of Louisiana, held that the description, "all its [the seller's] present right, title and interest in and to all its lands in the Parish of Plaquemines, in the State of Louisiana", was not sufficient to put on notice a subsequent purchaser of land specifically described and belonging to the original seller, and situated in the parish of Plaquemines. Judge Hutcheson, for the court, summarized the jurisprudence and pronounced the opinion,—thus:

."It is the law of Louisiana, just as imperative as the principle above adverted to, that a purchase on the faith of the record protects a purchaser against off record equities and claims; that such purchaser must be able to point to a record which upon serious consideration and by clear description conveys the specific property in controversy. * * * A conveyance of land in Louisiana, without description, or boundary or location, but merely as ' "all other lands owned by the vendor in the State of Louisiana," is inoperative as notice to the public of any particular tract conveyed, if not void for want of description.' Green v. Witherspoon, 37 La.Ann. 751; Succession of Mrs. Bradley, 8 La.App. 260; Ideal Savings & Homestead Ass'n v. Gould, 163 La. 442, 112 So. 40; Simar v. Ledoux [171 La. 729], 132 So. 125; Hargrove v. Hodge, 9 La.App. 434, 121 So. 224.

"The instrument relied on by Nigh contains no description of any specific property, the only description being 'all its present right, title and interest in and to all its lands in the Parish of Plaquemines, in the State of Louisiana.' We think there can be no question but that such a description would not be sufficient to seize hold of particular property and support a claimed purchase of that property in reliance upon the public record."

In the case of Baldwin v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442, 445, it was held that, in a sale made by the heirs of Samuel W. Mays of certain land belonging to his estate and described by government subdivisions, the additional clause, "also all their right, title and interest in and to any and all other land in Caddo and Bossier Parishes which belonged to the succession of Samuel W. Mays", was not

sufficient, as to third parties, to convey title to 80 acres of land for which the deceased Samuel W. Mays held a patent but which 80 acres was not specifically described in the sale made by his heirs. It was held also that a similar clause in three subsequent sales, i. e., "also all his right, title and interest in and to any and all other land in Caddo and Bossier Parishes which belonged to the succession of Samuel W. Mays on December 15, 1888, whether particularly described in this deed or not", was not definite enough to put third parties on notice as to 80 acres which belonged to the succession of Samuel W. Mays on December 15, 1888, but which 80-acre tract was not described specifically in the deed containing the all-embracing clause. It is suggested that that decision might be distinguished from the present case by the fact that the patent which Samuel W. Mays held for the 80 acres of land there in contest was not recorded in either Caddo or Bossier parish. But that fact does not distinguish the case from the present case on principle. The law did not require that the land patent from the United States should be recorded in the parish in which the land was situated; it was sufficient, to give public notice, that the issuance of the patent was a matter of record in the land office. The important fact in the Baldwin case was that there was no record by specific description that Samuel W. Mays, or his heirs, or successor in title, had sold the 80 acres of land in contest at the time when F. E. Gloyd, the real defendant in the suit, acquired the deed on which he got title by ten years' prescription to the 80 acres of land in contest. In the present case

it is a matter of no importance that David Miller's title for the 202.18 acres was on record in Calcasieu Parish at the time when he undertook to sell to Zepherin Daigle a half interest in all of the property that he owned in that parish. The important fact is, not that the title of David Miller to the 202.18 acres was on record, but that the deed from Miller to Daigle did not put on record a transfer by Miller to Daigle of the 202.18 acres, or of any other specified tract of land. Surely, the defendant, bank, would not have any better defense in this case if David Miller's title for the 202.18 acres of land had not been on record at the time when he undertook to sell to Zepherin Daigle a half interest in all of the property that he owned in Calcasieu Parish. For that reason the decision rendered in Baldwin v. Arkansas-Louisiana Pipe Line Company is as appropriate to the facts of the present case as it was to the facts of the case in which it was rendered. The fact that the deed by which Miller had acquired title for the 202.18 acres of land was on record did not amplify or improve in any way the vague description by which he undertook to sell to Daigle a half interest in all of his land in Calcasieu parish.

In the case of United Gas Public Service Co. v. Mitchell, 188 La. 651, 177 So. 697, 698, it was held that, in an oil and gas lease on a tract of land having an area of 112.36 acres, described by government subdivisions, the following additional clause did not put third parties on notice: "but this lease shall cover and include all land owned or claimed by lessors contiguous to or forming part of the land described or referred to

above, whether the same be more or less than the estimated acreage." Hence it was decided that, notwithstanding the all-embracing clause in the recorded lease, a subsequent lessee acquired a valid lease from the same lessors on 7.35 acres of land adjoining that which was specifically described in the first lease. It was said that the general clause, declaring that the lease should embrace all land owned or claimed by the lessors forming part of the described tract, might have given the lessee the right, before the interests of third parties intervened, to reform the lease by compelling the lessors to include in the lease the tract of 7.35 acres which was omitted; but it was held that the right to so reform the original lease could not be exercised to the prejudice of the subsequent lessee of the 7.35 acres. In the same way, in the present case, the deed from David Miller to Zepherin Daigle, of a half interest in all of the property owned by Miller in Calcasieu Parish might have given Daigle the right to demand a deed describing specifically the 202.18 acres owned by Miller. That fact was recognized by Miller's subsequent transfer of the 202.18 acres to Daigle by specific description; but the transfer was recorded too late to affect the title which in the meantime had been acquired from Miller by the sheriff's deed to Edward J. Sullivan and Pierre Theaux, from whom the defendant in this case holds title by mesne conveyances.

The plaintiff's attorney cites 8 R. C.L. p. 1076, sec. 131, and 16 Am.Jur., verbo Deeds, p. 591, sec. 272, showing that in some other states a deed describing all of the grantor's property in a certain locality, or

in a named city or county, is sufficient to convey title, so far as the description is concerned. The decisions which we have cited have established the other rule in Louisiana, with regard to giving notice to third parties acting upon their faith in the public records. Thus the jurisprudence has established a rule of property, which the courts must adhere to.

The judgment is affirmed.