321 So.2d 914 (1975)
Frank B. WOOD et al.
v.
Bessie B. Mills MORVANT et al.
No. 10391.
Court of Appeal of Louisiana, First Circuit.
September 18, 1975.
Rehearing Denied November 24, 1975.
*915 Lamar M. Richardson, Jr., and John D. Ponder, Metairie, for appellants.
Horace R. Alexius, Jr., Covington, for Charles Raviotta, and others.
Benjamin Saunders, New Orleans, for Gasper Schiro.
G. Frederick Seemann and Melvyn J. Perez, Chalmette, for Bessie Morvant, wife of/and Simon Morvant.
Dominick A. Raviotta, New Orleans, for Charles Raviotta and Theresa Raviotta.
Joseph V. Bologna, New Orleans, for Elton Font, and others.
John B. Wilkinson, New Orleans, for Jos. Judlin.
Before LANDRY, BLANCHE and BAILES, JJ.
LANDRY, Judge.
Plaintiffs (Appellants) appeal dismissal of their petitory action against defendants (Appellees) to determine conflicting claims of ownership of certain immovable properties situated in Slidell, St. Tammany Parish, Louisiana. We affirm.
The primary issue presented is the efficacy of notice to third parties arising from two purported sales of subject properties which contain inaccurate descriptions of the lands conveyed.
There is no dispute as to the facts. Appellants contend the errors in the recorded deeds render said transactions ineffective against Appellants as third parties. Appellees contend that references in the recorded transfers and other instruments of public *916 record are sufficient to put Appellants on notice of the transfer to Appellees.
The land in controversy consists of the east half of the southeast quarter of the northeast quarter (E/2 of SE/4 of NE/4) of Section 15, Township 9 South, Range 14 East, St. Helena Meridian, St. Tammany Parish and is depicted on the official township maps of said Parish, on file and of record, in the office of the Clerk and Recorder, as follows:
 Subject property was separated from the sovereign by a homestead grant from the Government of the United States to Frank W. Gibson on January 11, 1897. The recorded certificate of transfer described the land as follows:
"South East quarter of the North East quarter and Lots Numbered four and five of Section fifteen in Township Nine South of range fourteen East of St. Helena Meridian in Louisiana Containing Ninety-One acres."
By recorded instrument dated November 16, 1898, Gibson sold a portion of the property to George H. Gause, by recorded deed which inaccurately described the transferred property as follows:
"A certain tract or parcel of Land Being the East half of South East quarter and Lots Four and Five of Section fifteen Township Nine South of Range fourteen East St. Helena Meridian in Louisiana Containing Seventy-One acres. Bounded East by Salmen and McMahon, South by Guzman, West by Salmen and Gipson, North by Lowery and G. H. Gause. Being a portion of the same land obtained by me as per homestead Certificate No. 6753 of date January 11, 1897."
On June 12, 1925 Gause's Heirs, his widow and daughter having inherited the land upon Gause's death, sold several tracts of land, including those acquired by Gause from Gibson, to Andrew G. Clark. The duly recorded deed to Clark, in pertinent part, reads as follows:
"1. The East half (1/2) of the Southeast quarter (1/4) of the Northeast quarter (1/4) of Section Fifteen (15), Township Nine (9), South, Range Fourteen (14) East, containing twenty (20) acres.
2. Lots Four (4) and Five (5) of said Section Fifteen (15) containing 51.08 acres, LESS AND EXCEPT the following *917 portions thereof, heretofore, bargained to Dubuisson and Gazano, ..."
The sale to Clark, a credit transaction, correctly described the land in dispute. To secure the credit portion of the purchase price, Gause's widow and heir reserved a vendor's lien on subject property, which lien was separately recorded.
By deed dated January 20, 1928, Clark sold all of the property he acquired from the Gause widow and heir to Homer G. Fritchie, which deed incorrectly described the property as follows:
"The east half of the southeast quarter of the northwest quarter of Section Fifteen (15) Township Nine (9) South Range Fourteen (14) East, containing twenty (20) acres.
Lots Four (4) and Five (5). . .
Acquired by Andrew Grant Clark by purchase from Kate Chaney Gause, widow of George H. Gause and Georgia Gause Bowen by act of sale dated June 12, 1925 and recorded in C.O.B. 90 folio 132."
The foregoing reflects the transfer from Clark to Fritchie erroneously, situating the property in the northwest quarter of Section 15 instead of the northeast quarter.
On April 3, 1928 Fritchie sold to Standard General Realty Company (Standard), a Louisiana corporation, all of the property Fritchie acquired from Clark. The act of transfer describes the property precisely according to Fritchie's acquisition from Clark and also makes reference to the sale by which Fritchie purchased from Clark. Fritchie retained a vendor's lien to secure the unpaid portion of the $11,476.00 purchase price. The act released from Fritchie's mortgage certain portions of the land conveyed, which released lands are correctly described as being situated in the northeast quarter of Section 15. Simultaneously with the recordation of its acquisition, Standard recorded a subdivision plan for Terrace Park Addition, Slidell, which consisted of all the property Fritchie released from his vendor's lien. The plat of the subdivision dedicates streets therein to public use and clearly shows that the subdivided tract is situated in the northeast quarter of Section 15. Between 1928 and 1931, Standard sold lots in Terrace Park Addition to several Appellees or their ancestors in title. These numerous sales describe the plots by lot and square number.
By stipulation all parties agreed that title would be determined herein on the face of the public record. Defendants (Appellees) base their claims of ownership upon a chain of title commencing with Gibson's acquisition from the sovereign and the above mentioned mesne conveyances.
Appellants claim ownership by three alternate chains of title. The first chain includes: (1) judgment of possession rendered in 1928, recognizing the widow Gibson as sole heir of Frank W. Gibson, and as such recognizing her as owner of all portions of the homestead grant not previously sold by Gibson or his widow; (2) a judgment rendered in 1968, in the Succession of Mrs. Gibson, recognizing her heirs and placing said heirs in possession of said decedent's estate, including the SE/4 of the NE/4 of Section 15, and; (3) certain non-warranty sales executed by the heirs of Mrs. Gibson in 1965, of their respective interests in the SE/4 of the NE/4 of Section 15, for which Appellants paid each heir the sum of $25.00. The validity of this chain is asserted on the ground that the 1898 sale to Gause did not constitute notice to third persons because of the inaccuracy of the description in the recorded instrument of transfer.
The second chain asserted by Appellants includes the Gibson-Gause transaction and the transfer from Gause's widow to Clark, as set out above. Since Appellants deny the effectiveness against themselves, as third persons, of the 1928 conveyance from Clark to Fritchie because of another inaccuracy in the deed, this chain is asserted to continue from Clark based on the following instruments:
*918 (1) a 1966 supplemental judgment of possession placing Clark, Jr., in possession of Clark, Sr.'s, separate estate, including the disputed property; (2) a 1965 non-warranty sale from Clark, Jr., to Lake, Inc., of which plaintiff Wood, Sr., was president, for the sum of $200.00, and; (3) a 1965 sale from Lake, Inc., to Appellants for $250.00.
Appellant's final chain tracks that of Appellees down to the 1928 purchase by Standard. From Standard in receivership, Appellants in 1968 purchased subject property along with several other tracts in the same general area.
By stipulation it was agreed that neither claimant would produce evidence of possession of the property in dispute and that all parties litigant would rely herein upon the strength of their respective recorded titles. It follows that this dispute must be resolved on the strengths of the titles advanced by the contending parties and that PlaintiffsAppellants must establish recorded title superior to that of Appellees in order to prevail. Gulotta v. Cutshaw, La., 283 So.2d 482.
The 1898 deed from Gibson to Gause incorrectly describes the land as the E/2 of the SE/4 of Sec. 15 whereas its proper description is the E/2 of the SE/4 of the NE/4 of Sec. 15. The 1928 transfer from Clark to Fritchie erroneously situates the land in the NW/4 of Section 15 rather than the NE/4. Simply put, the issue is whether these inaccuracies may be relied upon by third parties or whether the errors were so obvious as to constitute notice to third parties that the land intended to be sold was the E/2 of the SE/4 of the NE/4 of Sec. 15.
As properly argued by Appellants, it is settled jurisprudence that a purchaser of immovable property need only look to the public records to determine ownership and, if such records show no adverse claim of ownership, the purchaser obtains good title from the record owner notwithstanding the purchaser's personal knowledge of title defects outside of the record. McDuffie v. Walker, 125 La. 152, 51 So. 100; Hodgeson v. McDaniel, 233 La. 180, 96 So. 2d 481; Mid-State Homes, Inc. v. Knapp, La.App., 156 So.2d 122.
In applying the foregoing rule, no precise criteria can be established for distinguishing between descriptions which are sufficient to put third persons on notice and those which are not. This basic premise has resulted in consistent jurisprudence which holds that each case of this nature must be decided in the light of its own peculiar facts and circumstances. Consolidated Association of Planters of Louisiana v. Mason, 24 La.Ann. 518; Daigle v. Calcasieu National Bank in Lake Charles, 200 La. 1006, 9 So.2d 394; Mid-State Homes, Inc. v. Knapp, above.
However, our jurisprudence provides guidelines for determining the sufficiency of a property description in cases of this nature. A deed is deemed to constitute notice to third parties where it enables the court to locate and identify with certainty, the property intended to be conveyed, with the aid of such extrinsic evidence as is admissible under the rules of evidence. The recorded description need not be given with such particularity as to make resort to extrinsic evidence absolutely unnecessary. However, the description may not be so inaccurate or faulty as to be misleading. Tircuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489; White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15; Blevins v. Manufacturers Record Publishing Company, 235 La. 708, 105 So.2d 392. Where a deed makes reference to vendor's acquisition, both acts should be consulted and taken into consideration in determining the proper description of the property conveyed. Lawler v. Bradford, 113 La. 415, 37 So. 12; Lee v. Long, 166 La. 1084, 118 So. 320.
Both of the deeds challenged by Appellants refer to vendor's title. One such *919 deed also refers to a mortgage and vendor's lien on the property, in which instrument the land is correctly described. A perusal of these mentioned documents are sufficient to place a third person on notice that in this instance the land intended to be conveyed was situated in the E/2 of the SE/4 of the NE/4 of Section 15.
We find that in each instance the descriptive errors in question were apparent on the face of the public record, namely the official township maps on file and of record in the office of the Clerk and Recorder. The error in the 1898 Gibson to Gause deed, which described the land as situated in the E/2 of the SE/4 of Section 15 instead of the E/2 of the SE/4 of the NE/4 of that section, was obvious because the deed expressly transferred the land described by quarter-section and also Lots 4 and 5 of Sec. 15. Township maps show that Lots 4 and 5 alone comprise the entire E/2 of the SE/4 of Sec. 15. The transfer of both the E/2 of the SE/4 and Lots 4 and 5 of Sec. 15 would be a duplication of a single description. Such a description should alert a prospective purchaser to the probable error. Moreover, the deed describes the land as being bounded west by Salmen and Gibson. If only Lots 4 and 5 had been intended to be sold, Gibson would have been the sole bounding owner on the north rather than the west and the acreage conveyed would have aggregated only about 53 acres rather than 71 acres as indicated by the description employed. The acreage contained in Lots 4 and 5 and the E/2 of the SE/4 of the NE/4 of Sec. 15, together comprise 71.04 acres which the deed purports to convey.
The error in the 1928 Clark to Fritchie deed is also apparent on the face of the record. The Township plat shows no portion of ground identifiable as the E/2 of the SE/4 of the NW/4 of Sec. 15 (as the property was described in the Clark-Fritchie transfer) because the area which might normally have comprised the NE/4 of Sec. 15 is shown as Headright No. 44 belonging to Guzman and later to Salmen.
We find the public record sufficient to put Appellants on notice of the transfer of subject property to Appellees herein.
The judgment of the trial court is affirmed at Appellants' cost.
Affirmed.