Dear Mr. Nesom:
You have asked for an opinion from this office regarding a certain ordinance passed by the Town of Elizabeth to dispose of a parcel of municipal property determined to be no longer needed for public purposes. In the ordinance and the related publication, an error was made in the description of the property.
The applicable statute, R.S. 33:4712 (B), provides in pertinent part that:
 [A]n ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale. . . with reference to the property.
Ordinance No. 1-94 clearly states the reasons for disposing of the property, the minimum acceptable price and terms of sale. The only question is whether the description in the ordinance meets the requirement of "with reference to the property". The ordinance, although placing the property at issue in the Northwest Quarter of Section 30 rather than the Northeast Quarter, refers to the property in two other instances. The first is the acquisition by the Town of Elizabeth by donation mortis causa. The second is the sale to Walter Vignes of the nine acres excepted from the proposed conveyance. I do not have the benefit of those documents, but I assume they are both of record and that both show the property to be properly located in the Northeast Quarter of Section 30. The question of superior title in the Town of Elizabeth prior to enactment of the proposed ordinance is not at issue.
The requirement for publication of the proposed ordinance prior to final enactment serves the legislative intent of providing the public reasonable notice of the proposed action and to protect the public's interest in the public property of the municipality. Obviously, a description must be adequate to enable a reasonable person to identify the property in question. There is no stated requirement that it be absolutely accurate and there is no case law dealing specifically with this issue.
The First Circuit in Wood v. Morvant, 321 So.2d 914 (La. 1st Cir. 1975), dealing with a case of competing titles to property, stated that;
 No precise criteria can be established for distinguishing between descriptions which are sufficient to put third persons on notice and those which are not. . . A deed is deemed to constitute notice to third parties where it enables the court to locate and identify with certainty, the property intended to be conveyed, with the aid of such extrinsic evidence as is admissible under the rules of evidence. The recorded description need not be given with such particularity as to make resort to extrinsic evidence absolutely unnecessary. At 918. See, Tircuit v. Burton — Swartz Cypress Co., 110 So. 489; White v. Ouachita Natural Gas Co., 150 So. 15; and Blevins v. Manufacturers Record Publishing Company, 105 So.2d 392.
Given the totality of the circumstances, it is the opinion of this office that the typographical error was not misleading nor fatal in that ample evidence existed in the public record to place any interested person on notice of the true location of the property. The property was recently acquired by the Town, so no public use was ever made of it. The most likely interested parties would be potential purchasers at the auction and they would rely on the public record at the time the ordinance was proposed, and at that time the record was correct. Therefore, the ordinance, as enacted was valid and the Town can dispose of the property and accept payment from the highest bidder.
A correction deed should be recorded to clear the discrepancy in the chain of title and a resolution authorizing preparation of same should be adopted stating the purpose for the action. This would not require publication. We hope this meets your inquiry. However, should you have any further questions or comments please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT B. BARBOR Assistant Attorney General RPI/RBB/mm