O’NIELL, O. J.
 

 This is an action to annul a judgment obtained by the defendant against the plaintiff, without citation or notice, on a promissory note containing a confession of judgment. The note was for $3,607.90 and bore S percent. interest from the 4th of December, 1920, and 10 per cent, attorney’s fee. The note was not said to be payable on demand or on a specified date. The plaintiff in this suit claimed also a balance of $1,011.35, alleged to be due him for 26 bales of cotton, weighing 13,289 pounds, which he alleged the defendant had sold for his account, and which he alleged was worth 30 cents a pound. The defendant pleaded the prescription of one year, under article 613 of the Code of Practice, against the action to annul the judgment, and pleaded an estoppel based upon the allegation that .tbe plaintiff in this suit had obtained a partial release off the judicial mortgage resulting from the registry of the judgment. The defendant set up also a reconventional demand for $229.90, for merchandise sold to the plaintiff. The district judge gave judgment annulling the judgment which had been obtained against the plaintiff by confession,
 
 *272
 
 and, on the balancing of accounts, gave judgment in favor of the plaintiff for $649.83' due on the promissory note, with 8- per cent, interest from the 4th of December, 1920', and for the $229l.90l with legal interest from the 4th of February, 1922. The defendant has appealed from the decision.
 

 It is conceded that, at the end of the year 1920', the plaintiff owed the defendant $3,607.90 for merchandise bought by the plaintiff and by the tenants on his cotton farm during the year. He delivered his crop of cotton to the defendant, under an agreement that it should be stored and, when sold, that the proceeds should be applied to the plaintiff’s indebtedness. Soon after all of the cotton was delivered to the defendant, he requested the plaintiff to sign a promissory note for the amount of the debt, in order that he (the defendant) might use the note in financing his own business. The plaintiff testified that he was aware of the defendant’s custom of taking notes bearing a confession of judgment, and told the defendant that he would not sign such a note; that he was assured that the instrument did not contain a confession of judgment, and therefore signed it without taking the precaution to read it. The defendant denied that any such misrepresentation was made. That is a matter of no importance, because, in our opinion, the confession of judgment was null because it was made in violation of a prohibitory law-article 91’ of the Constitution of 1898 and of Í913, section 44 of article 7 of the Constitution of 1921. Article 91 of the Constitution of 1898 and the corresponding article of the Constitution of 1913, which prevailed when this confession of judgment was made, der dared: “Service of citation shall not be waived, nor judgment confessed, by any document under private signature executed pri- or to the maturity of the obligation sued on.” Section ,44 of article 7 of- the Constitution of 1921 declares: “Service of citation shall not be waived, nor judgment confessed, prior to the maturity of the obligation sued on, except for the purpose of executory process,” etc. In this' instance, the note contained the statement: “The amount stated in this note is due, and I hereby waive citation, time, and all legal delays, and confess judgment,” etc. As a matter of fact, the debt was not then due or enforceable, because it is admitted that the agreement was that the defendant should not collect the debt until the market price of cotton should rise to a point which would make it desirable to sell the plaintiff’s cotton and apply the proceeds to the payment of the, debt. The price of cotton was very low then. The only difference between the testimony of the plaintiff and that of the defendant in that respect is that the plaintiff claims that he was to say when the cotton should be sold and the defendant claims that he was to determine when the market price would be acceptable. It is conceded, however, that the debt was not due, because it was not to be paid until the cotton should be sold, and the proceeds applied to the payment of .the note. In evidence thereof the defendant wrote a notation on the back of the instrument, the exact purport of which is not shown by the record, but’ which referred to the cotton which was to be Sold to pay the note. It is plain, therefore, that the statement in the instrument, that the debt' was due, was made merely to circumvent the prohibitory law against waiving citation or confessing judgment before the maturity of the obligation to be sued on. Article 11 of the Civil Code- declares that individuals cannot by consent derogate from the force of laws enacted in the interest of public policy; and article 12 declares that whatever is done in contravention of a prohibitory law is void.
 

 
 *274
 
 The prescription of one year against an action to annul a judgment obtained by fraud, or in consequence of the loss of a receipt, as provided for in article 613 of the Code of Practice, is not applicable to a' confession of judgment made in violation of a law of public policy, because a transaction of that unlawful character cannot be made valid by ratification, either express or tacit. By the same token, we agree with the district judge that the plea of estoppel was not well founded. In fact, the plea was not sustained by a preponderence of evidence.
 

 The defendant in this case contends that some of the receipts which were given to the plaintiff and his tenants for the cotton delivered were altered as to the weights and number of bales. The district judge decided that the alleged forgeries or alterations were not in fact forgeries or alterations. The original receipts are before us, but, without any knowledge of the handwriting of the parties supposed to have made the figures, and without any appearance of forgery or falsification, we have no reason to believe that the judge erred in that respect. The evidence as to the number of bales of cotton delivered is, of course,
 
 conflicting;
 
 but, in a matter of this character, depending largely upon the veracity of the witnesses, we defer largely to the finding of the judge who heard and perhaps knew the witnesses.
 

 The district judge, in balancing the accounts, gave the plaintiff credit for only
 
 17V2
 
 cents per pound for the cotton delivered, being the price at which the defendant sold it, instead of the 30 cents per pound claimed by the plaintiff. The appellant, of course, does not complain of that. In other respects the judge’s balancing of accounts is conceded to be correct.
 

 The judgment is affirmed.