## TAYLOR v. SHREVEPORT FERTILIZER WORKS, Inc.
### No. 6153.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

Rehearing Denied June 10, 1940.

Goff, Goff & Caskey, of Arcadia, for appellant.

P. E. Brown and F. R. Taylor, both of Arcadia, for appellee.

HAMITER, Judge.

The plaintiff in this cause, L. F. Taylor, signed and executed an instrument dated April 23, 1930, reading, in so far as is here relevant, as follows:

"I acknowledge to owe and that I am indebted unto Shreveport Fert. Works or order, the sum of Seven Hundred Sixty Five Dollars.

"For value received and eight per cent interest per annum thereon, from date, interest payable annually, and ten per cent attorney's fees on said sum if necessary to collect same by legal process, and all cost. The amount stated in this note is due, and I hereby waive citation, time and

all legal delays and confess judgment in favor of said payee or any legal holder hereof or said amount interest, cost and attorney's fees, to be incorporated in and form a part of this judgment."

The named payee, on April 25, 1938, instituted suit No. 11,653 on the docket of the District Court of Bienville Parish, seeking recovery under the instrument; and on the following day judgment was rendered in its favor for $765, with interest, attorney's fees and costs. No citation or other notice of the proceeding was given to the maker.

Taylor, in this cause, attacks said judgment on several grounds, and prays that its nullity be decreed. The answer of defendant avers that it is valid and legal in all .respects.

The district judge heard testimony on the issues presented, and granted the relief sought by the plaintiff herein. In other words, the judgment of the former suit was declared to be null and void, and it was ordered cancelled from the records of Bienville Parish, Louisiana. Defendant appealed.

The ruling, we think, was correct.

The ' evidence conclusively shows that the confession of judgment note, dated April 23, 1930, and which formed the basis of the attacked decree, was given by Taylor for fertilizer to be delivered to him thereafter, or throughout the spring of 1930, as needed. The obligation was not payable until the fall of that year after the harvesting of the crops.

Article 7, Section 44 of the Louisiana Constitution of 1921, provides that, "Service of citation shall not be waived, nor judgment confessed, prior to the maturity of the obligation sued on, except for the purpose of executory process; provided, this prohibition shall not apply to contracts by authentic acts passed prior to the adoption of this Constitution."

Taylor's act of waiving service of citation and of confessing judgment with respect to that unmatured obligation, was clearly violative of the quoted constitutional provision; and the instrument was, therefore, null and void.

Counsel for defendant argue in their brief that the testimony offered in proof of the maturity of the debt was improperly admitted by the district court, because the petition contained no allegations of error or fraud respecting the signing of the note. In our opinion it was unnecessary that such allegations be made. The instrument itself was an absolute nullity, having been executed and given in contravention of a prohibitory law.

The case of Phillips v. Bryan, 172 La. 269, 134 So. 88, is directly in point, involves a similar note, and sustains our above announced position.

The judgment is affirmed.