24 So.2d 606

**CILLUFFA v. MONREALE REALTY CO., Inc.**

No. 37,605.

Dec. 10, 1945.

Rehearing Denied Jan. 7, 1946.

Joseph Rosenberg, of New Orleans, for appellant.

Theodore Cotonio, of New Orleans, for appellee.

HAWTHORNE, Justice.

Plaintiff, Gaetano Cilluffa, instituted this suit against the Monreale Realty Company, Inc., to have annulled and set aside a judgment in the sum of $3,469.37, with 7 per cent per annum interest from October 30, 1930, until paid, and all costs, which judgment was rendered in favor of defendant herein in a suit styled "Monreale Realty Co., Inc., v. Gaetano Cilluffa", No. 193,276 on the docket of the Civil District Court, Parish of Orleans. Plaintiff alleges that this judgment was secured on a confession of judgment obtained by fraud on the part of defendant herein, and also that said confession of judgment, fraudulently obtained, violated the provisions of Article VII, Section 44, of the Louisiana Constitution of 1921, which prohibits the waiver of citation and confession of judgment prior to the maturity of the debt sued upon.

The lower court sustained an exception of no cause or right of action filed by defendant, and plaintiff appealed to this court devolutively.

■ It is well settled that, for the purpose of considering an exception of no cause of action, the averments of plaintiff's petition are taken as true. The allegations of plaintiff's petition in this case are as follows:

(1) On July 18, 1925, plaintiff Cilluffa executed a mortgage in favor of the Monreale Realty Company, Inc., in the sum of $3,000 on certain real property situated in the City of New Orleans. On October 30, 1930, the said realty company, through its attorney, demanded payment of this indebtedness, and at that time informed plaintiff that, unless the debt was paid, it would foreclose said mortgage, but that it was willing to take the property in full and complete settlement of the debt. Plaintiff, in full and complete settlement of said obligation, on October 30 transferred to the realty company, by act of sale, the property described in the mortgage.

(2) On October 30, 1930, the same day on which the deed was executed in full satisfaction of the debt, the attorney for the Monreale Realty Company, Inc., caused plaintiff herein to sign a confession of judgment in the sum of $3,469.37, with 7 per cent interest per annum thereon from that date until paid. This document or confession of judgment was never read to

plaintiff herein, and he could not read it due to the fact that he was illiterate, and he did not know the nature of the document which he was signing but was of the belief that, by so signing, he was transferring the property in full satisfaction of the debt.

(3) Since plaintiff was unable to read or write, he had no knowledge of the nature of this transaction or of the nature of the document signed until December 1, 1942.

(4) On October 16, 1941, the Monreale Realty Company, Inc., obtained a judgment against Cilluffa in the sum of $3,469.37, with interest and costs, as above stated, and said judgment was obtained on the confession of judgment for said amount, dated October 30, 1930.

According to the allegations of plaintiff's petition, which have to be here accepted as true, there was no basis for the act confessing judgment on the part of plaintiff herein. For, on the same day on which plaintiff executed a deed in complete and full settlement of his indebtedness to defendant, defendant caused plaintiff to sign said confession of judgment. This act of defendant, if true, constituted a fraud on its part, as this gave defendant a confession of judgment for the full amount of the indebtedness after said debt had been completely satisfied by the act of sale transferring the property to the defendant realty company. In other words, according to plaintiff's petition, defendant received the property in full satisfaction of the debt and thereafter obtained a personal judgment on a confession of judgment for the same debt.

Article VII, Section 44, of the Louisiana Constitution of 1921, reads as follows:

"Service of citation shall not be waived, nor judgment confessed, prior to the maturity of the obligation sued on, except for the purpose of executory process; provided, this prohibition shall not apply to contracts by authentic acts passed prior to the adoption of this Constitution."

Under the allegations of plaintiff's petition, the obligation which was evidenced by the confession of judgment had been paid in full prior to the signing of the confession of judgment, and consequently there was no debt in existence at that time to mature. If this be true, it follows that the confession of judgment in this case, given prior to the maturity of a debt, was in violation of the prohibitory law set out in the Constitution, quoted hereinabove, and that the personal judgment obtained thereon, which plaintiff seeks to have annulled and set aside, was and is a nullity.

In the court below on the trial of this exception, defendant without objection offered in evidence the entire record in the suit No. 193,276, styled "Monreale Realty Co., Inc., v. Gaetano Cilluffa", in which the judgment here under attack was rendered. This record discloses that the Monreale Realty Company, Inc., filed suit against Gaetano Cilluffa on August 27, 1931, on a confession of judgment dated October 30, 1930, for the full sum of $3,469.37, with 7 per cent per annum interest thereon from October 30, 1930, until paid, which confession of judgment is attached to the petition filed therein; that on the next day, August 28, 1931, judgment was rendered

without citation or service of process, and as prayed for by plaintiff in that suit; that on May 22, 1940, plaintiff in that suit, the Monreale Realty Company, Inc., caused a writ of fieri facias to issue, and on the same day seized thereunder all right, title, and interest of Cilluffa in the Succession of Vincenza Giordano, notice of seizure being served on the defendant in that suit through an attorney-at-law on May 23, 1940, which writ of fieri facias was returned "not satisfied" on July 30, 1940; that on August 4, 1941, Monreale Realty Company, Inc., instituted a suit to revive the judgment of August 28, 1931, obtained under the confession of judgment; that the petition in this suit for revival was served on Cilluffa in person on August 5, 1941, and that judgment of revival was rendered as prayed for on October 22, 1941.

The judgment of August 28, 1931, as revived by judgment dated October 22, 1941, is the judgment which plaintiff herein is seeking to have annulled and set aside.

In this court defendant Monreale Realty Company, Inc., filed a plea of res judicata and a plea of estoppel, but cited no authority in support of either plea.

In the plea of res judicata, defendant urges that on August 4, 1941, the petition to revive the judgment here under attack was filed; that plaintiff herein was served personally in said suit; that he failed to answer and accordingly a default was taken against him, which was confirmed on October 16, 1941, and that therefore said judgment of revival is res judicata.

Article 2286 of the Revised Civil Code provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Under the authority of this article, defendant's plea of res judicata is without merit, for the objects of the two suits are entirely different; the things demanded are not the same; the demands are not founded on the same cause of action, and, although the demands are between the same parties, they are not formed by them in the same quality.

The plea of estoppel is urged for the reason that plaintiff, Gaetano Cilluffa, did not protest or object to the seizure of all his right, title, and interest in the succession of his mother, Vincenza Giordano, notice of said seizure having been served on an attorney-at-law; that this notice of seizure shows knowledge on the part of said plaintiff of the rendition of the judgment against him which he now seeks to have annulled and set aside, and that plaintiff's allegation that he had no knowledge of such judgment until December 1, 1942, is contradicted by the records.

Having concluded that, under the allegations of plaintiff's petition, the confession of judgment on which judgment was obtained violated the prohibitory provisions

of the Constitution, we are of the opinion that this plea also is without merit, under the provisions of Articles 11 and 12 of Dart's Revised Civil Code, which read as follows:

"11 (11) (N 6). Waiver of laws.—Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals. * * * "

"12 (12). Acts contravening prohibitory law invalid.—Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed."

It is well settled that an agreement void as against public policy or because prohibited by law cannot be rendered valid by invoking the doctrine of estoppel.

"An acknowledgment can never be invoked to maintain a condition or state of things created in violation of a prohibitory law." Factors' & Traders' Ins. Co. v. New Harbor Protection Co. et al., 37 La. Ann. 233.

"* * * the courts * * * recognize the doctrine that estoppel cannot be invoked to impair the force and effect of a prohibitory law." Rhodes v. Miller, 189 La. 288, 179 So. 430, 432.

"A contract malum in se or against public policy cannot be made valid by ratification; and the same is generally true of contracts forbidden by statute." 17 C.J.S., Contracts, § 279, page 668.

"* * * The doctrine of estoppel by conduct or by laches has no application to

an agreement or instrument which is illegal because it violates an express mandate of the law or the dictates of public policy." 12 Am.Jur., Section 222, page 740.

We do not know upon what grounds the trial judge sustained the exception of no cause or right of action and dismissed plaintiff's suit, as the record contains no written reasons for judgment. However, if plaintiff's suit was dismissed under Article 613 of the Code of Practice, which provides that an action to annul a judgment on the ground of fraud must be brought within the year after the fraud has been discovered, this article has no application in this case under the decision in the case of Phillips v. Bryan, 172 La. 269, 134 So. 88, 89.

In that case, in holding that a confession of judgment in a note was null because made in violation of a prohibitory law where the debt was not due but the note contained a statement that it was due, this court said:

"The prescription of one year against an action to annul a judgment obtained by fraud, or in consequence of the loss of a receipt, as provided for in article 613 of the Code of Practice, is not applicable to a confession of judgment made in violation of a law of public policy, because a transaction of that unlawful character cannot be made valid by ratification, either express or tacit. By the same token, we agree with the district judge that the plea of estoppel was not well founded."

For the reasons hereinabove assigned, the judgment of the lower court, sustaining

the exception of no cause or right of action and dismissing plaintiff's suit, is reversed, and it is now ordered that this exception be overruled and that the case be remanded to the lower court to be proceeded with according to law; defendant-appellee to pay all costs of this appeal, all other costs to await the final outcome of this suit.