O’NIELL, Chief Justice.
 

 On August 28, 1931, the Monreale Realty Company obtained a judgment in the civil district court against Gaetano Cillufa for $3,469.37, plus interest and costs. In 1943 Cillufa instituted this suit to annul the judgment.
 

 The case was before us in 1945, at which time we reversed a judgment of the district court which had sustained an exception of no cause or right of action against Cillufa’s petition to annul the judgment of 1931. Cillufa v. Monreale Realty Co., Inc., 1945, 209 La. 333, 24 So.2d 606. The
 
 *704
 
 case was remanded, and after trial on its merits the district judge again gave judgment for the defendant, Monreale Realty Company, rejecting Cillufa’s demand. It is from this judgment that Cillufa now appeals.
 

 In 1925 Cillufa executed a mortgage on certain real property owned by him in New Orleans in favor of the realty company to secure the payment of a note for $3,000. On October 30, 1930, being unable to meet the interest payments on the mortgage note, he transferred the property to the defendant, mortgagee. In the transfer it is recited that it was made for the price or consideration of $2,500 in cash. Actually, no cash was paid to Cillufa.
 

 On the same date, October 30, 1930, Cillufa signed a confession of judgment in favor of the realty company for $3,469.37. This figure, as explained by the company, represented the total indebtedness of Cillufa to the company at that time, i. e., the original note for $3,000, unpaid interest, taxes on the property which had been paid by the defendant, and certain legal costs. In the confession of judgment, Cillufa waived service of citation and all legal delays.
 

 The confession of judgment was filed in the Civil District Court for the Parish of Orleans, and judgment was rendered thereon on August 28, 1931. In 1941, the defendant revived the judgment; and in 1943 Cillufa instituted this suit to annul the judgment on the ground that the confession of judgment, dated October 30, 1930, was obtained fraudulently, and in any event was legally ineffectual because it was made prior to the maturity of the debt.
 

 In support of the contention that the confession of judgment was obtained fraudulently, Cillufa, who can write his name but is otherwise illiterate, testified at the trial that at the time when he executed the act of sale of the property, he was under the belief that he was executing a dation en paiement, or surrendering the property to the defendant, mortgagee, in full satisfaction of the mortgage debt. Cillufa testified further that he had no knowledge of the contents of the confession of judgment, and that he signed it believing it to be merely another document necessary to complete the surrender of the property in full satisfaction of the debt.
 

 The attorney for the defendant company, and also the manager of the company, testified to the contrary. They stated that the company acted in good faith in the transaction, that the act of sale and the confession of judgment were read and explained to Cillufa before he signed them, and that at the time of the transaction, the property was not worth more than $2,500, the price stated in the act of sale.
 

 We cannot reconcile the defendant’s averments of its good faith in the transaction with the taking of the confession of
 
 *706
 
 judgment. It is apparent that the defendant induced Cillufa to sign a confession of judgment for $3,469.37 at a time when his entire indebtedness was satisfied (if we believe Cillufa’s testimony), or when $2,500 of it was paid (if we believe the testimony offered in behalf of the defendant).
 

 Viewing the testimony of the witnesses for the defendant company in a light most favorable to the company, we cannot see how they, in good conscience, could have asked Cillufa to sign a confession of judgment for an amount greater than $969.37, i. e., the difference between' $3,469.37 and $2,500. The testimony of the attorney for the defendant company, who was also the notary before whom the act of sale was passed, and in whose presence the confession of judgment was signed, does not explain satisfactorily the taking of the confession of judgment for $3,469.37. He testified that the company was always willing to credit Cillufa with $2,500 if he had wanted to settle the debt; but on the other side of the picture we note that in both instances when the defendant company brought suit on this confession of judgment — in the original suit in 1931 and in the revival suit in 1941 — the company’s demand was for the full sum of $3,469.37, and at neither time did the company state that Cillufa was entitled to a credit of $2,-500.
 

 We note also that, after all of the foregoing testimony had gone into the record, and on the day on which the judgment was signed, the company filed in the district court a remittitur in favor of Cillufa for $2,500. This remittitur was filed under the title and docket number of the original suit, which was instituted by the defendant company in 1931, and which was based upon the confession of judgment. If the filing of this remittitur, some fifteen years after the judgment had been rendered, was meant by the company to be proof of its good faith in the transaction, the answer is that it came too late.
 

 Our opinion is that the defendant company was not in good faith in having an illiterate debtor sign a confession of judgment for $3,469.37, which by its own tardy admission exceeded the debt by $2,500. Furthermore, considering that the act of sale and the confession of judgment were executed contemporaneously, we have no doubt that the other testimony of Cillufa, which is to the effect that the act of sale was meant to be a dation en paiement which would cancel his indebtedness to the defendant company, is the true version of the whole transaction.
 

 The defendant pleads the prescription of one year under Article 613 of the Code of Practice against the plaintiff’s right of action in this suit. On that subject this court stated the law of the case by declaring, in the appeal from the judgment maintaining the exception of no cause or right of action, that if that article was invoked it would be inapplicable to this case, under the decision in Phillips v.
 
 *708
 
 Bryan, 1931, 172 La. 269, 134 So. 88. See Cillufa v. Monreale Realty Co., 1945, 209 La. 333, 24 So.2d 606, 609.
 

 For the reasons assigned, the judgment appealed from is reversed and set aside, and it is now ordered, adjudged and decreed that the judgment of the civil district court in the suit entitled Monreale Realty Co., Inc. v. Gaetano Cillufa, No. 193, 276 of the docket of that court, dated August 28, 1931, be and the same is hereby annulled. All costs are to be borne by the defendant, appellee in this appeal.