75 So.2d 850

Eva Colvin SMITH et al.

v.

W. B. TAYLOR et al.

No. 41321.

April 26, 1954.

Rehearing Denied Nov. 8, 1954.

Barham & Elder, Waltman & Napper, Ruston, for plaintiffs-appellants.

Madison, Madison, Files & Shell, Monroe, for defendants-appellees.

MOISE, Justice.

The district judge rendered judgment in favor of the defendant, W. B. Taylor, and recognized him as the owner of the following described property, to wit:

"Southeast Quarter (SE¼) of Northeast Quarter (NE¼) of Section Twenty (20), Township Nineteen (19) North, Range One (1) West."

The action is for a declatory judgment which was brought by Eva Colvin Smith, et al. against W. B. Taylor, et al. The suit is brought under Act No. 431 of 1948 and Act No. 22 of the Extra Session of 1948, LSA–R.S. 13:4231.

To this suit W. B. Taylor filed an exception of no cause of action which was referred to the merits; he then answered, denying that plaintiffs were the owners of the property involved. Robert Johnson, the other defendant, likewise, answered, denying ownership of plaintiffs.

The claims of both plaintiffs and defendants stem from the following transactions:

(a) On November 23, 1917, Mrs. Francis Gullett sold the property herein involved to Robert Johnson; thereafter, on November 17, 1921, her son, J. Franklin Gullett ratified the sale of his mother.

(b) On December 31, 1929, Bob Johnson and his wife, Jane Johnson, signed the following document:

"Dubach, La., Dec. 31, 1929

"$350.00

"Due E. B. Tatum, or bearer, the sum of Three hundred fifty & no/100 dollars with eight per cent. interest per annum from date and ten per cent. attorney's fee if note is placed in the hands of an attorney for collection, and I hereby waive service of citation, copy of petition and confess judgment in favor of payee or any future holder hereof for the above amount, waive the Homestead Exemptions allowed me under the Constitution of the State of Louisiana for the above amount or any part thereof."

Bob Johnson and his wife, Jane Johnson, both being unable to sign their name, made their mark in the presence of two witnesses.

E. B. Tatum, on the alleged confession of judgment, obtained a decree on June 22, 1931 for $350, together with eight per cent interest from December 31, 1929 until paid and ten per cent additional on principal and interest as attorney's fees. This judgment was revived in 1941, before prescription had accrued. On January 25, 1945, Mr. Tatum had issued a writ of fieri facias against the following described property belonging to Bob and Jane Johnson:

"E/2 of SE¼ Sec. 20 (less 2 acres sold for Grave Yard) and all of the SE¼ of NE¼ (less 4 acres deeded to Franklin Gullett) and a lot of land

commencing at SW corner of Sec. *21*, and running due east on Sec. line 40 rods; thence due north 120 rods; thence due west to section line, thence along section line south to place of beginning. Also all of E½ of NE¼ Sec. 29 lying north of the road running from T. J. Ford's to J. C. Jones place, all in Tp. 19 N., R. 1 West, contg. 147 acres, more or less. (SS–169.)" (Italics ours.)

Mr. Tatum and Dr. J. L. Smith purchased the seized property on March 14, 1945, and the Sheriff's Deed to them again incorrectly described the property as being in Section 21, in lieu of Section 20.

The defendant, W. B. Taylor, thereafter, purchased from Bob Johnson, the SE¼ of the NE¼, Section *20*, Township 19 North, Range 1 West, containing forty acres, more or less. This purchase was made on November 14, 1951, and on that date the vendee gave a surface lease to his vendor Johnson.

On February 25, 1952, by a correct description, W. B. Taylor obtained a deed to this property from J. Franklin Gullett, son of Mrs. Francis Gullett; Mrs. Gullett being Johnson's original vendor.

▮ In these proceedings Taylor makes the contention that the judgment rendered on June 22, 1931, on which the seizure and sale was made by the sheriff under a writ of fieri facias issued by plaintiffs, is null and void, because the petition of the plaintiffs did not affirmatively show that the obligation sued on had matured prior to the time that citation was waived and judgment confessed. Taylor's contention is that in the absence of such a showing, all evidence is inadmissible to prove that the obligation sued on had matured prior to the confession of judgment and waiver of citation.

The testimony of Robert Johnson, the vendor, is vague and misty, but it is clear and uncontradicted on one point—that at the time of the execution of the document to E. B. Tatum for the sum of $350, the debt had not matured. Such is prohibited by Article 7, Section 44, of the Louisiana Constitution. The article reads:

"Service of citation shall not be waived, nor judgment confessed, prior to the maturity of the obligation sued on, except for the purpose of executory process; provided, this prohibition shall not apply to contracts by authentic acts passed prior to the adoption of this Constitution."

Authority and precedent back up Taylor's contention, for in the case of Phillips v. Bryan, 172 La. 269, 134 So. 88, a note was given which was not due when a confession of judgment was made. The Court held the transaction void.

In the suit of Taylor v. Shreveport Fertilizer Works, Inc., 197 So. 164, 165, the Court of Appeal held:

"The evidence conclusively shows that the confession of judgment note,

dated April 23, 1930, and which formed the basis of the attacked decree, was given by Taylor for fertilizer to be delivered to him thereafter, or throughout the spring of 1930, as needed. The obligation was not payable until the fall of that year after the harvesting of crops. * * *

"Taylor's act of waiving service of citation and of confessing judgment with respect to that unmatured obligation, was clearly violative of the quoted constitutional provision; and the instrument was, therefore, null and void."

In the case of Cilluffa v. Monreale Realty Co., 209 La. 333, 24 So.2d 606, Id., 211 La. 701, 30 So.2d 761, the Court had under consideration a similar matter. The Court based its decision on the cited Constitutional Article—that is, a confession of judgment made before the maturity of a debt was void.

On the other hand, plaintiffs rely on Article 612 of the Louisiana Code of Practice, which reads:

"The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same.

"The same rule shall govern, as regards a defendant not qualified to appear in a suit where judgment has been given against him, if he suffer the judgment to be executed against his property without opposing the same."

This article is not applicable, because the confession of judgment here was made in violation of a prohibitory law which could not be ratified. Cilluffa v. Monreale Realty Co., Inc., 209 La. 333, 24 So.2d 606.

■■ The plaintiffs plead prescription, but prescription does not apply to an absolute nullity. LSA–Civil Code, Articles 11 and 12.

■ The defendants, likewise, plead that the plaintiffs cannot be recognized the owners of the property, because their deed recorded on the public records incorrectly described Section 21.

In the case of Hargrove v. Hodge, 9 La. App. 434, 121 So. 224, 225, it is stated:

"The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat, or deed as a part of the description, so that the same may be clear."

In this suit the property is not located in Section 21. Furthermore, it is to be noted

that the description under which plaintiffs acquired does not refer to any map, plat or deed.

In Daigle v. Calcasieu National Bank in Lake Charles, 200 La. 1006, 9 So.2d 394; and in the suit of Bologna Bros. v. Stephens, 206 La. 112, 18 So.2d 914, 916, the Court held:

" 'The purpose of registry is that third persons may have notice of the transfer, and, if the description in the deed is so vague, indefinite, and uncertain that the property cannot be located and identified, the sale is void as to third persons who deal upon the faith of the public records.' This was a comment in Hargrove v. Hodge et al., 9 La.App. 434, 121 So. 224, 225, a case decided by the Court of Appeal, Second Circuit. * * *

"A writ of certiorari was refused by this court in the Hargrove case. Furthermore, in two recent decisions we specifically affirmed its holding. Daigle v. Calcasieu Nat. Bank in Lake Charles, 200 La. 1006, 9 So.2d 394; Cupples v. Harris, 202 La. 336, 11 So. 2d 609."

In a most recent case, 220 La. 592, 57 So.2d 197, 199, the suit of Quatre Parish Co. v. Beauregard Parish School Board, this Court held that a description of property as being in *Range 9*, whereas, it was in *Range 8*, was improper and a third person could not be charged with knowledge of the error. The language used by the Court reads:

"The determination of whether the registry of a deed containing an erroneous description is sufficient to place third persons on notice of the conveyance, depends principally upon the nature of the mistake. If the description is faulty or vague but not so inaccurate so as to be misleading, it may serve as notice to third persons, depending upon the particular wording of the act. But where, as in this case, the deed actually describes a tract of land different from that intended to be conveyed, its registration cannot be regarded as furnishing notice to third persons who subsequently acquire from the grantor under a correct description of the property."

That case and the case here can be likened unto two peas in a pod.

■ The record evidence shows that W. B. Taylor is a third party purchaser. The testimony does disclose that he endeavored to lease the land involved in this suit from the plaintiffs, but was unsuccessful. It is true he is an abstractor, and upon discovering the error in description he purchased from Robert Johnson at the price named by Johnson; and he gave to Johnson, a surface lease of the land for ten years with the privilege of renewal. He also gave to his vendor the right of rebuilding his house if it was destroyed by fire. Under these facts, and upon a consideration of the record as a whole, we find justification in law

for his reliance on the faith of the public records. We can neither condone nor chastise him for taking advantage of an error he found in description. Duralex, sed lex —The law is hard, but such is the law.

For the reasons assigned, the judgment of the district court rejecting plaintiffs' demand is affirmed; and there will be judgment decreeing that W. B. Taylor is recognized as the owner of the following described property:

"Southeast Quarter (SE¼) of Northeast Quarter (NE¼) of Section Twenty (20), Township Nineteen (19) North, Range One (1) West."

Plaintiffs to pay all costs.

Judgment affirmed.

HAWTHORNE, J., concurs in the decree.