REID, Judge.
Plaintiff, Leo Williams, brings this suit against Sarah Williams Alexander, widow of Jack Alexander, deceased, seeking to have Sarah Williams Alexander deed him certain property immediately surrounding a house which he had erected on the property of Jack Alexander allegedly with his permission. In the alternative he seeks a declaratory judgment declaring that he is entitled to a deed to the property immediately surrounding the house for a Small yard.
Defendant, Sarah Alexander Williams, filed an Exception of no cause of action, and no right of action, alleging that under the provisions of Articles 1536 and 2440 of the Civil Code of Louisiana all donations of immovable property must be made by authentic act and all sales of immovable property must be made by authentic act or act under private signature. They further allege under Article 2275 of the Civil Code every verbal sale of immovables shall be null, as well for third parties as for the contracting parties themselves and the testimonial proof of it shall not be admitted. They further set forth under Civil Code Article 2275 that every transfer of immovable property must be in writing, but if a verbal sale or other disposition of such property be made, it shall be good against the vendor as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold. They further set forth that under Article 2276 neither shall parols evidence be admitted against or beyond what is contained in the act, nor on what may have been said before or at the time of making them, or since.
Plaintiff propounded certain interrogatories to the defendant, asking her if Jack Alexander and she did not give the plaintiff verbal permission to build a new home on the piece of property with the understanding that Jack Alexander would deed the property to Leo Williams, plaintiff, and asked if Jack Alexander at the time the verbal agreement was made was in bad health and that he got progressively worse until he died. Defendant answered the interrogatories and denied both questions.
The Lower Court rendered and signed judgment sustaining the Exceptions filed by the defendant and dismissed plaintiff’s suit, rejecting plaintiff’s demands at his *96 cost. From this judgment plaintiff lias brought a devolutive appeal after first applying for a rehearing or a new trial which was overruled.
The Civil Code provides in the Articles declared upon by the defendant in her Exceptions the manner in which transfers of real estate may be made.
L.C.C. Article 1536 provides as follows:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
L.C.C. Article 2440 reads as follows:
“All sales of immovable property shall be made by authentic act or under private signature.
Except as provided in Article 2275, •every verbal sale of immovables shall be null, as well for third persons as for the •contracting parties themselves, and the testimonial proof of it shall not be admitted.”
L.C.C. Article 2275 reads as follows:
“Every transfer of immovable property must be in writing; but if a verbal sale, •or other disposition of such property be made, it shall be good against the vendor, ■as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.”
L.C.C. Article 2276 reads as follows:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
There was no deed of record, either public or private act, and nothing in writing to show any intention on the part of the •deceased Jack Alexander to transfer any portion of his property to plaintiff. The above codal articles governing the sale of real estate have been passed on so many times that we do not deem it necessary to quote any such decision. It has been accepted as the law of Louisiana for many, many years that any thing dealing with real estate must be in writing unless defendant admits under oath that he made such a contract, then the Court will order him to fulfill it.
Jack Alexander was dead at the time this suit was filed and could not answer the interrogatories. Plaintiff attempts to propound these interrogatories to the defendant, the widow of Jack Alexander. She denied any such understanding or agreement. In addition, plaintiff alleges in Article 1 of his petition that the property was the separate property of Jack Alexander. Certainly the wife or widow would have no saying whatever as to any disposition of the separate property of her deceased husband until such time as she might acquire title.
Plaintiff bases his main contention on the doctrine of equitable estoppel and cites several cases in support of this. We have no quarrel with these cases but feel that they do not apply to the case at Bar. The doctrine of equitable estoppel has been defined in the case of Marsh v. Smith, 5 Rob. 518, cited by plaintiff as follows:
“The rule of law is well expressed by Lord Denman in the case of Pickard v. Sears (6 Adol. and Ellis 469) to-wit:
‘That where one by his words of conduct, willfully causes another to believe in the existence of a certain state of things and induces him to act on that belief so as to alter his own previous position the former is concluded from averring against the latter a different state of things as existing at the same time.’ ”
In Marsh v. Smith, supra, plaintiff filed a petitory action against the defendant *97 claiming certain property. The defendant in his answer denied the allegations of ownership and averred that he was the owner by a deed and that he purchased the property by the advice and with the assistance of plaintiff himself, being an entire stranger in the country, and that the plaintiff when he advised him to make the purchase was the owner under the same titles under which he now pretends to claim the land, but concealed that existence from the defendant. In that case the Court rejected plaintiff’s demand, setting forth the doctrine of equitable estoppel.
The Court merely barred recovery by the plaintiff of the lands which he had induced another to purchase and then claimed title to himself. This did not have the effect of giving title to anyone as the defendant had a title from someone whom he believed to be the owner. The plaintiff was precluded from setting up any title or claim to the land or if the title did prevail he would be bound to pay whatever damage the defendant would have sustained by reason of said fraudulent act.
The issue has not been raised as to the question of damages that plaintiff might have suffered by reason of any verbal promise or action on the part of the deceased, Jack Alexander. We do not feel that this case therefore is determinative of the issue in the case at Bar.
We have not been cited and do not know of any case by which transfer of real estate can be affected by equitable estoppel. All transfers must conform to the provisions of the Louisiana Civil Code.
None of these have been complied with in this case.
Finally, our Courts have held that estoppel cannot be invoked to impair the effect of a prohibitory law. LSA-C.C. Articles 11 and 12. See also Cilluffa v. Monreale Realty Company, 209 La. 333, 24 So.2d 606. The Articles of the Civil Code prohibit all transfers of real estate except which are made under its provisions.
For the foregoing' reasons we find that the judgment of the Lower Court is correct and is therefore affirmed.
Affirmed.