DIXON, Judge.
This is an action to nullify a judgment in a workman’s compensation case. Exceptions were filed to the petition for nullity and sustained, from which judgment the plaintiff appeals.
The plaintiff is Smith Duncan, who was employed as a pulpwood cutter and who contends that he was injured in an accident December 1, 1963. A workman’s compensation suit was filed against defendant Pesnell, plaintiff’s employer, on November 25, 1964. On January 15-, 1965, a supplemental and amended petition was filed, correcting the defendant’s name. On March 16, 1965, plaintiff’s counsel filed a motion to withdraw and' the withdrawal was ordered by the trial judge. On April 13, 1965, the defendant filed an “Exception of Prescription and Answer.” There is in the record a citation and a return showing that the plaintiff was served with this pleading on April 19, 1965. The “citation” contains a parenthetical sentence typewritten within the body stating that “(The Trial of This case being fixed for April 20, 1965).”
The minutes of the court state that on April 6, 1965, “Exception of Prescription and Answer filed. On motion of Defendant’s Counsel in open court, the Trial of this Exception is fixed for trial on April 20, 1965.” (Note: The only “exception of prescription and answer” in the record bears the notation that it was filed on April 13, 1965; the minute entry does not say that the case was fixed for trial on the merits, but that the exception was fixed for trial on April 20, 1965.)
On April 20, 1965, the case was called and judgment was rendered, read, and signed, “dismissing the plaintiff’s demands with prejudice.” The judgment states that the plaintiff did not produce witnesses nor appear in court. On May 8, 1967, plaintiff filed a petition to nullify the judgment rendered on April 20, 1965.
In response to the petition for nullity, the defendant filed an exception of no right of action, an exception of no cause of action, and an exception of res judicata. The case went to trial on these exceptions on November 17, 1967 and certain evidence was adduced. On December 15, 1967, the minutes show that judgment was rendered sustaining the exceptions of no cause of action and prescription. Each of the exceptions filed to the petition for nullity alleged that more than two years elapsed between the date of the judgment complained of and the filing of the petition for nullity, “the said petitioner having full knowledge of the facts relating thereto and full knowledge concerning the dismissal of the said suit, he being present in Court on the date the case was called for trial.”
The evidence adduced on the trial of the exceptions showed that the plaintiff was served with the “citation” described above about nine o’clock at night on April 19, 1965. This “citation” contained the only information shown to be in the possession of the plaintiff that his case was fixed for trial on April 20th. The plaintiff testified that, since he had been recently arrested, he was under the impression that the matter in court on the morning of April 20th had something to do with the criminal proceedings pending against him. The bailiff testified that he remembered plaintiff Duncan’s presence in court before the case was called for trial and that he could not be located when the case was called. Duncan himself testified that, when he learned the *848 nature of the matter before the court, he told persons in the court, “Well, I ain’t got no lawyer — and I hadn’t got nobody to know if I was right or wrong,” and thereupon took his departure. The plaintiff was not represented, his lawyers having withdrawn from the case pursuant to an order of court dated March 16, 1965.
The plaintiff further testified that he did not know that a judgment had been rendered against him dismissing the case until some time in the year 1967.
Louisiana Code of Civil Procedure Article 1571 provides:
“The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
“(1) Require adequate notice of trial to all parties; * *
The first sentence in the redactor’s comments below Article 1571 states what is almost self-evident:
“(a) Adequate notice is a minimum requirement for reasons of due process.”
C.C.P. Articles 2002 and 2004 define the vices of form or substance for which an action of nullity may be brought. The defect in the procedure in the instant case can hardly be included within the grounds delineated in Article 2002. However, it was certainly an “ill practice” under the circumstances shown in this record to notify an unrepresented plaintiff at nine o’clock one night that his case was fixed for trial the next morning. It can hardly be argued that to enforce the judgment rendered against the plaintiff would not be unconscionable and inequitable.
The defendant seeks support from the provisions in Article 2004 fixing a one-year period to bring the action of nullity of a final judgment obtained by fraud or ill practices, pointing out that the judgment complained of was rendered on April 20, 1965, and the petition for nullity was filed on May 8, 1967.
It is not necessarily true that all actions to nullify judgments obtained through fraud or ill practices prescribe within one year. Ciluffa v. Monreale Realty Company, 209 La. 333, 24 So.2d 606 (1945). The comments under Article 3 of the Code of Civil Procedure point out that “this procedural bar (the one-year prescriptive period for an act of nullity) is established for the protection of third persons.” It is for the same reason that Article 2003 prohibits an attempt to annul a judgment on the grounds listed in Article 2002 if the defendant voluntarily acquiesced in the judgment at the time of its execution. In the instant case, there are no third parties involved, and the rights of no persons except the original plaintiff and the original defendant are called into question in these proceedings. This is not the usual case found in an action for nullity; here the defendant, not the plaintiff, has pushed the case to judgment with inordinate speed and lack of due notice.
It is not necessary, however, to decide here whether the one-year prescriptive period of Article 2004 applies. The evidence in the record before us convinces us that Smith Duncan, a man of little learning and no representation, did not know his suit had been dismissed by the judgment rendered on April 20, 1965. The evidence in the record is that Duncan learned that a judgment had been rendered against him when he consulted with his present lawyer some time in the year 1967, the same year in which the action for nullity was filed.
Consequently, the judgment rendered herein is reversed, and there is judgment overruling the exception of prescription and those exceptions filed herein styled Exception of Res Judicata, Exception of No Right of Action, and Exception of No Cause of Action, and remanding the case to the Second Judicial District Court of Louisiana for the Parish of Jackson for further proceedings, at the cost of the defendant-appellee.