SAVOY, Judge.
This suit was filed as a possessory action and an action to reform an act of sale *42 by plaintiffs against Elton D. Deville and James Nolan Soileau. Plaintiffs allege that by instrument dated May 24, 1965, defendant Deville sold plaintiffs property in Evangeline Parish described as follows:
“A certain tract or parcel of land containing two (2) acres, more or less, located in Sec. 29, T-4 — S, R-l-E, La. Mer., Evangeline Parish, Louisiana, and being bounded North and West by Simon Deville, South by Elton D. Deville and East by Highway 167.”
Plaintiffs allege the true intent of the parties is shown by the following stipulation in the act, to-wit:
“Parties also agree that Albert M. Catyb and Margie Marie Deville Catyb are given the option to purchase the remaining two (2) acres from which the above tract of land is taken within six (6) months from this sale for the same consideration set forth hereinafter.”
It is alleged that plaintiffs are entitled to have the deed reformed to include all of the tract of land involved, except a two-acre tract in the south portion thereof. It is further alleged that plaintiffs went into quiet and uninterrupted possession of the property until about August 6, 1969, when defendants disturbed their possession by the filing of an act of sale from Deville to Soileau which included a portion of plaintiffs’ property, and by having timber cut and removed from the property valued at $2,000.00. Plaintiffs prayed for judgment reforming the act of sale, restoring plaintiffs’ possession, and for damages for trespass, and for the value of the timber wrongfully removed.
Defendants filed an answer and recon-ventional demand. The acts of sale were admitted, but the general allegations of plaintiffs’ petition were denied. In recon-vention, defendants filed to reform the act of sale alleging that plaintiffs, for the consideration of $1,000.00, purchased two acres in the north portion of the property involved to a specific boundary on U.S. Highway 167, which was agreed upon, as shown by a later survey obtained by defendant Deville dated' July 28, 1969, as made by Robert K. Smith. It was alleged, in the alternative, that if the deed is not reformed as requested, there was an error-in-fact, and an error-in-law between the parties to the sale; and accordingly, the sale of May 24, 1965, should be annulled and vitiated. A tender of $1,000.00 was deposited in the Registry of the court for this purpose. In the further alternative, plaintiffs requested a rescission of the sale for the reason of lesion beyond moiety.
After trial on the merits, the district court rendered judgment for defendants rejecting the demands of plaintiffs, vitiating and annulling the sale dated May 24, 1965, and ordering the Clerk of Court to cancel and erase the sale from his records, and to pay to plaintiffs the $1,000.00 deposited in the Registry of the court. Costs were assessed one-half to plaintiffs and one-half to defendants. From this judgment, plaintiffs filed an appeal to this Court.
In oral argument before this Court counsel for defendants concedes that the instant suit is not a possessory action. Counsel for plaintiffs was not present. We are of the opinion that this is not a possessory action, and have not discussed this phase of the case in our opinion.
Plaintiffs maintain that the sale to plaintiffs of two acres, more or less, reserving to the vendor the remaining two acres of the tract, is neither ambiguous nor uncertain, and conveys to plaintiffs a determinable measure of land, i. e., the entire measure less and except the two reserved acres. It is maintained that parol evidence is not admissible to vary the effects of the written provisions of the instrument. It is further maintained that the sale in question was a sale per aversionem and was not subject to the pleas of nullity based on error, lack of consent, or lack of meeting of the minds as to the measure, since the uncertainty as to the measure is its very essence. Plaintiffs submit that the judgment of the trial *43 court should be reversed and judgment rendered in their favor declaring them owners of 5.4 acres out of the 7.4-acre tract of land, subject to the fixing of the separating boundary by proper proceedings. In the alternative, plaintiffs ask for the right to select 5.4 acres out of the 7.4-acre tract, reserving two acres to defendants. In the further alternative, plaintiffs request that they be declared co-owners in indivisión with Soileau. In the further alternative, plaintiffs ask to he declared owners of two acres of land, subject to the fixing of a boundary line in accordance with law. Plaintiffs request damages as prayed for to the extent proven.
Defendants maintain that plaintiffs opened the door to parol evidence by filing an action to reform the description and a possessory action rather than an action of boundary. It is further maintained that parol evidence is admissible to show a misdescription in an act of sale of land sold, and that the evidence shows there was an error-in-fact and an error-in-law, as there was no mutuality of consent and no meeting of the minds between the parties to the contract and sale, and that the sale was properly annulled by the district court. It is maintained that if the description of the property is conformed to read as plaintiffs suggest, that lesion beyond moiety would exist, and the sale should be rescinded on these grounds as prayed for by the defendants in the alternative. Accordingly, defendants submit that the judgment of the district court should be affirmed, and in the alternative, that the sale should be reformed as prayed for by defendants in their recon-ventional demand; and in the further alternative, the sale should be vitiated and vacated because of lesion beyond moiety.
The record shows that plaintiffs approached Elton Deville to purchase two acres of land for a homesite. Plaintiffs and Deville believed that the property involved owned by Deville contained approximately four acres. The deed was prepared by Deville’s attorney, Preston N. Aucoin, signed in the office by Elton De-ville and Mrs. Catyb, and taken for the signature of Mr. Catyb. The deed is a credit sale with the total consideration of $1,000.00, wherein Deville conveyed to plaintiffs the property described herein-above.
The consideration was paid by plaintiffs, but the option was not exercised. After the sale, plaintiffs entered the tract of land and had a bulldozer clear a rectangular portion of the land where they expected to build a home.1 Subsequent to this, Deville had an ex parte survey made, dated July 28, 1969, as filed in evidence. This survey shows the original tract of land owned by Deville to contain approximately 7.4 acres and to be generally triangular in form. The western boundary is a north-south line 646 feet in length. The north boundary is an east-west line 108 feet in length. The east boundary is a northwesterly-southeasterly line along U.S. Highway 167, 555 feet in length. The south boundary is a meandering line formed by a small stream which runs generally southwesterly-northeasterly for distances totaling about 838 feet. This survey divides the original tract into a two-acre tract in the north area designated Tract “A”, and the remaining area of 5.4 acres, more or less, which is designated Tract “B”. The boundary between Tracts A and B, as shown on this survey, is the one claimed by defendants. It runs in a south-southwesterly and north-northeasterly direction, and from the point where it intersects U.S. Highway 167, it allows Tract “A” a highway frontage of 185 feet, and Tract “B” a highway frontage of 370 feet. This' boundary line would pass within about 15 feet of the area cleared by plaintiffs for a homesite.
By deed dated August 6, 1969, Deville sold to Soileau the 5.4 acre tract of land designated as Tract “B” on the survey of July 28, 1969, for the consideration of $2,750.00. Soileau then cleared the tract, selling the pine timber for pulpwood, and erected a fence on the boundary in accordance with the survey. When plaintiffs dis *44 covered this, they immediately contacted the Notary who passed the deed dated May 24, 1965, and a conference of all parties was called. However, no agreement could be reached between the parties, and the resulting lawsuit was instituted.
Deville testified he was contacted by Mrs. Catyb, and that all negotiations were between them. He agreed to sell two acres at $500.00 an acre, for a total consideration of $1,000.00. He thought the tract he owned contained about four acres. He also agreed to give plaintiffs an option for six months to purchase the remaining land, believed to be about two acres, for $1,000.-00. He testified he pointed out to Mrs. Catyb the south boundary of the two-acre tract sold at a point on the highway near a specific pine tree. Mrs. Catyb denied that Deville pointed out the specific boundary and testified that Deville was present when plaintiffs had the land cleared with a bulldozer and indicated that her frontage on the highway was “way down yet” from the area cleared for the homesite. She testified she thought they were buying one-half of the acreage, or two of four acres, and that they were to receive one-half of the highway frontage. Both plaintiffs testified they requested that Deville let them know when he wanted to have a surveyor fix the boundary line between the tracts, and they would pay half of the cost. Mr. Deville denied he ever discussed a proposed survey or the division of the frontage with Mr. Catyb, and while he admits discussing a survey with Mrs. Catyb, he denied she requested notice of the survey. Mr. Catyb testified he figured he would get about half of the frontage on the highway which he thought would be in the vicinity of 300 feet. He testified they placed a 15-foot culvert at the highway for a driveway at a point about 130 feet south of his north boundary line on the highway.
During the trial of the case, plaintiffs discovered that the property involved was located in Township 2 South rather than in Township 4 South as alleged and shown in the deed. An oral motion was made without objection amending the pleadings to show the property to be located in Township 2 South, Range 1 East, La.Mer., Evangeline Parish.
After considering the facts of this case in the light of the applicable jurisprudence, this Court finds the judgment of the district court should be affirmed. This Court finds the description of the property in the deed dated May 24, 1965, to be insufficient. The property is described as being bounded on the north and west by Simon Deville, on the east by Highway 167, and to contain two acres, more or less. However, there is no way to determine the southern boundary between this property and that of the remaining property owned by the vendor. The deed does not show the frontage on the road or the length of the western north-south boundary, nor does it show the direction, angle, length or even the shape of the southern boundary. The larger tract from which the two acres, more or less, is to be taken is very irregular in shape, and it is simply not possible to identify the land to be conveyed by the description in the deed.
There was an option to purchase the remaining two acres of the total property involved within six months for the same consideration, but this option was not exercised and has terminated. The property description in the option does not make the description of the property sold more certain. Note that the option does not refer to “the south two acres”, which would be a certain description. The description of “two acres” in the southern portion of this irregularly- shaped tract of land is no more certain than “two acres” in the northern portion of this irregularly shaped tract of land. If this Court would adopt the position of plaintiffs, that the deed conveyed 5.4 acres to plaintiffs, then the act would be subject to rescission because of lesion. The record does show that the property was worth $500.00 an acre at the time of the sale, or $2,700.00 for a 5.4-acre tract, and the consideration of $1,000.00 *45 would be less than half of the value of the property sold.
In the instant case on appeal, the property is described in substance as two acres, more or less, in the north portion of an irregularly shaped tract of land. The description is so vague, indefinite and uncertain that the property cannot be located and identified. There are numerous cases holding similar descriptions in deeds to be insufficient to identify the land sold.
The defendant Soileau purchased the 5.4 acres designated Tract “B” on the plat of July 28, 1969. As a third-party purchaser he could rely entirely on the public records. The description of the property in the deed of May 24, 1965, was insufficient to put him on notice that part of the property had been previously sold to plaintiffs. In addition to the discussion above, the description was also insufficient as to a third party inasmuch as the property was located in Township 2 South and not Township 4 South as shown in the deed. See Smith v. Taylor, 226 La. 235, 75 So.2d 850 (1954), and Newman v. McClure, 134 So.2d 556 (La.App. 3 Cir. 1961), and cases cited therein.
By the pleadings, both plaintiffs and defendants sought to reform the deed so that the description of the property would conform to the intentions of the parties. Parol evidence is admissible for this purpose. In Fontenot v. Lewis, 215 So.2d 161 (La.App. 3 Cir.1968), this Court stated:
“An action to reform a written instrument is an equitable remedy, and it lies only to correct mistakes or errors in the written instrument when such instrument, as written, does not express the true contract or agreement of the parties. * * * It is a personal action, even when applied to real estate, and the burden of proof rests on the one seeking reformation of the instrument to establish the mutual error and mistake by clear and convincing probf, parol evidence being admissible for this purpose. * *
However, the record shows that the burden of proof required to reform a deed was not carried by either plaintiffs or defendants. In their petition plaintiffs take the position that the deed should be reformed to show they acquired the entire 7.4-acre tract less two acres on the south. Because of the shape of the land, this would give plaintiffs the entire frontage on the highway. However, plaintiffs’ own testimony was in conflict with this position as they testified they were to get two acres. Deville testified he and Mrs. Catyb agreed the south corner of the property would run at a point near a particular pine tree which he pointed out to her, so as to give plaintiffs two acres, as shown on the later survey as Tract “A”. Mrs. Catyb denied this, stating that Deville had indicated their southern boundary would join the highway further to the south, and that she thought they were to receive about one-half of the highway frontage. The testimony of the parties was also conflicting in several other areas, and the record shows there was no meeting of the minds as to what property was to be bought and sold. The testimony indicates that a future survey was contemplated by the parties to fix the southern boundary. However, plaintiffs did not institute a boundary action or request the fixing of a boundary in the instant case in the alternative. Nor have plaintiffs indicated a willingness to accept the boundary in accordance with Tract “A” on the plat of July 28, 1969. Since there was no clear and convincing proof that the true intentions of the parties was to buy and sell a certain identifiable tract of land, and considering the position of plaintiffs, the district court found there was a lack of consent and a lack of meeting of the minds, and refused to reform the deed, and annulled same. Under the facts and circumstances of this case, this Court finds no manifest error on the part of the district court.
For the reasons assigned, the judgment of the district court is affirmed. All costs of appeal are assessed against plaintiffs.
Affirmed.